28 N.J. Super. 365 (1953)
100 A.2d 707
WALDO DU CHARME, PETITIONER-APPELLEE,
v.
COLUMBIA ENGINEERING CO., INC., A CORPORATION, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Essex County Court Law Division.
Decided November 16, 1953.
*366 Mr. Edward B. Meredith for the respondent-appellant.
Messrs. Mellinger & Rudenstein (Mr. Seymour H. Rudenstein appearing), attorney for the petitioner-appellee.
CONLON, J.C.C.
The petitioner was awarded compensation for temporary and permanent disability of his right leg and the employer appeals, offering as its sole ground for reversal the contention that the petitioner failed to prove that the accident in question arose out of and in the course of his employment. A review of the evidence clearly establishes that the employer's contention is without merit. There was relatively no dispute as to the facts involved and they are as follows:
The petitioner, age 70, in December of 1951 had been employed by the respondent for one year in charge of the tool crib. It appears that in celebration of Christmas that year a party was arranged between management and several representatives of the union. The employees were to prepare and direct the party and management was to pay the expenses. On the day in question, December 21, 1951, the petitioner worked from 7:30 A.M. until 12:30 P.M. and then the party started. Apparently the petitioner did not participate in the festivities, as he testified he ate only his own lunch and did not partake of the liquor and other refreshments that were available. He stayed, however, to receive a ham which was being given gratuitously by the respondent as a bonus to each employee. The testimony shows the hams were delayed and a wait entailed. Sometime between 1:30 P.M. and 2:30 P.M. the hams were distributed. Upon receiving his, the *367 petitioner immediately left the plant and in so doing he fell while descending the stairs to the street and suffered the injury which is the basis of his petition. The steps in question were at an exit from the respondent's plant to Sussex Avenue. They were only three in number and led to the sidewalk. There is no dispute that the petitioner fell at this time and place and that he suffered a serious injury.
The Christmas party was apparently an annual affair, but it appears that in previous years the employees had paid for all of the incidental expenses and had merely held the party on the employer's premises. However, before the party in question was held a committee of employees met with representatives of the management and suggested that the company should pay all of the incidental expenses. This suggestion was accepted and George Henry Beck, the secretary, treasurer and general manager, who made the arrangements on behalf of the company admitted that the company's purpose in giving the party was to further future labor-management relationship.
The circumstances fall within the category of those cases which hold in effect that the employer-employee relationship exists during the time when the employee is engaging in an extra-curricular activity which is sponsored by the employer in the furtherance of improved labor relationship and hence for the mutual benefit of both. Kelly v. Hackensack Water Co., 10 N.J. Super. 528 (App. Div. 1950). For that reason the Division of Compensation was correct in concluding that the injuries in question were sustained out of and in the course of the employment.
An appropriate order will be presented.