FIDELITY & CASUALTY COMPANY OF NEW
YORK *v.* DeSHONE

1. WORKMEN'S COMPENSATION—FRAUD—FINDING OF FACTS—TORTS—
FELLOW EMPLOYEES.

In the absence of fraud, a finding of fact by the workmen's compensation commission is binding upon a party to that proceeding in a later action; consequently, the determination of that commission, in making an award to plaintiff that he was an employee of the employer against whom the award was granted and injured during the course of his employment is binding upon him in a tort action against a fellow employee.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation §§ 483, 490–496.
   Matters concluded, in action at law to recover for the same injury, by decision or finding made in workmen's compensation proceeding. 84 ALR2d 1036.
[2] 58 Am Jur, Workmen's Compensation §§ 60, 61, 65, 66.
[2, 6] Right to maintain direct action against fellow employee for injury or death covered by workmen's compensation. 21 ALR 3d 845.
[3] 58 Am Jur, Workmen's Compnsation § 214 *et seq.*
[4] 58 Am Jur, Workmen's Compensation §§ 209–212.
[5] 58 Am Jur, Workmen's Compensation §§ 209–212, 235, 241.
[6] 58 Am Jur, Workmen's Compensation §§ 61, 209–212, 235, 241.

2. WORKMEN'S COMPENSATION—THIRD-PARTY LIABILITY—PURPOSE OF
   ACT—EXEMPTIONS FROM LIABILITY—PERSONS IN SAME EMPLOY-
   MENT.

   The legislative purpose and intent in enacting an amendment
   to the workmen's compensation act allowing the enforcement
   of liability against a third party after the acceptance of
   compensation benefits was to exempt from liability *all* nat-
   ural persons who are carrying on the activities of the employer,
   regardless of what those activities may be (MCLA § 413.15).

3. WORKMEN'S COMPENSATION—PARKING LOT—PLACE OF WORK.

   An injury occurring in a parking lot normally used by employees
   and maintained by the employer, although not owned or leased
   by him, is considered to take place on the premises, where an
   employee's work is to be performed under the workmen's com-
   pensation act and applies to a public right-of-way used and
   maintained by an employer for customer and employee park-
   ing (MCLA § 412.1).

4. WORKMEN'S COMPENSATION—MASTER AND SERVANT—COURSE OF
   EMPLOYMENT.

   Defendant was embarked on a mission for his employer where
   he normally opened his employer's place of business and had
   been given the keys to do this by his employer and, in this
   capacity, his act in injuring plaintiff in operating the em-
   ployer's automobile, used in the business, which defendant had
   driven to open the place of business arose out of and in
   the course of defendant's employment.

5. WORKMEN'S COMPENSATION—COURSE OF EMPLOYMENT—ASSIGNED
   WORK—EMPLOYER'S PURPOSES.

   To be in the course of employment under the workmen's compen-
   sation act, employees are not required to do only those acts
   that are a part of their assigned work; therefore, defendant's
   act of trying someone else's key in his employer's automobile
   which defendant had driven to open the employer's place of
   business for his employer did not affect defendant's status al-
   though it did not fulfill any purpose of his employer.

6. WORKMEN'S COMPENSATION—COURSE OF EMPLOYMENT—LIABILITY
   OF FELLOW EMPLOYEE—PARKING LOT—EVIDENCE.

   Evidence was insufficient from which a jury could reasonably
   find that defendant's act which injured plaintiff did not arise
   out of and in the course of defendant's employment where he
   normally opened his employer's place of business and, on the
   date of plaintiff's injury defendant was given the keys to do

this by his employer, drove his employer's automobile to the place of business for that purpose, used the key of another automobile in the ignition of his employer's automobile after it had been parked in a public right-of-way used and maintained by his employer for customer and employee parking, and the automobile then lurched ahead, injuring plaintiff who was employed by the same employer and who sued defendant for his damages.

Appeal from Court of Appeals, Division 2, J. H. Gillis, P. J., and Levin and Bronson, JJ., affirming Saginaw, Fred J. Borchard, J. Submitted February 2, 1971. (No. 25 January Term 1971, Docket No. 52,506). Decided June 1, 1971.

17 Mich App 556 affirmed.

Complaint by Fidelity & Casualty Company of New York against Robert DeShone for injuries sustained when Eugene Wend was struck by an automobile driven by defendant. Eugene Wend was permitted to join as a party plaintiff. Verdict for plaintiffs. Judgment notwithstanding verdict granted. Plaintiffs appealed to the Court of Appeals. Affirmed. Plaintiffs appeal. Affirmed.

*Carras & Carras* (*Walter J. Barkey,* of counsel), for plaintiffs.

*Heilman, Purcell, Tunison & Cline,* for defendant.

WILLIAMS, J. On October 27, 1960, at approximately 8 a.m., plaintiff Eugene Wend reported for work at the IGA store of St. Charles. The store, which is owned and operated by Delmus DeShone, the father and employer of defendant Robert DeShone, runs east and west along Clinton Street. Between the Clinton Street side of the building and

Clinton Street there is a space of approximately 21 feet. Five feet of this space is sidewalk, running beside the building, and 16 feet is parking space which is part of the public road right-of-way. The 16 feet of parking space was used and maintained by the store owner for customer and employee parking.

Shortly after plaintiff Wend's arrival the defendant, Robert DeShone, arrived and parked his Volkswagen automobile in the above described parking space. His purpose in arriving at this time was to open the store for his employer as he normally did and for this purpose he had the keys to the store with him. The Volkswagen was owned by his employer and was used for delivering groceries.

Before opening the store, the defendant borrowed the key of another Volkswagen from John Gutry, a fellow employee who had also arrived on the scene, to find out whether it would fit the Volkswagen the defendant was driving. The plaintiff had at this time moved from the door of the building to a point on the sidewalk in front of the Volkswagen driven by defendant.

The defendant put Gutry's key into the ignition of his employer's Volkswagen and turned the key. The Volkswagen lurched ahead, pinning plaintiff Wend against the building and injuring him.

Plaintiff Wend applied for and received an award from the workmen's compensation commission in the amount of $1,739.50 against the Fidelity & Casualty Company of New York, the employer's compensation carrier.

Fidelity & Casualty Company commenced an action against the defendant to recover the amount it had paid Wend. Subsequently, the court permitted Wend to join as a party plaintiff.

There was testimony at the trial that the defendant generally opened the store in the morning for the employees; that he worked at the store five or six days a week and that on the morning of the occurrence in question plaintiff Wend and the defendant went to work approximately 15 to 30 minutes after the plaintiff was injured, the delay being caused solely by the plaintiff's injury.

In the trial the jury returned a verdict for the plaintiffs. The trial judge granted the defendant's motion for judgment notwithstanding the verdict. Plaintiffs appealed and the judgment was affirmed by the Court of Appeals. From the decision of the Court of Appeals, plaintiffs appealed to this Court.

MCLA § 413.15 (Stat Ann 1968 Rev § 17.189) (since repealed by PA 1969, No 317; now PA 1969, No 317, § 827 [MCLA § 418.827; Stat Ann 1971 Cum Supp § 17.237(827)]) provided as follows:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a *legal liability in some person other than a natural person in the same employ* or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies, but such injured employee or his dependents or their personal representative may also proceed to enforce the liability of such third party for damages in accordance with the provisions of this section." (Emphasis added.)

If plaintiff Wend was in the "same employ" as the defendant at the time the accident occurred there can be no recovery by either plaintiff Wend or the employer's insurance carrier, Fidelity & Casualty Company of New York.

The plaintiff was found by the workmen's compensation commission to be an employee of Delmus

DeShone, defendant's father, and injured during the course of his employment. In the absence of fraud, a finding of fact by the workmen's compensation commission is binding on a party to that proceeding in a later action. *Ayers* v. *Genter* (1962), 367 Mich 675, 678, 679. Consequently, the determination of the workmen's compensation commission in making the award to Wend that he was an employee of Delmus DeShone injured during the course of his employment is binding upon him in this action.

As a result of the workmen's compensation commission's determination of plaintiff Wend's status the only question properly before the trial court was whether the defendant Robert DeShone's act arose out of and in the course of his employment by his father, Delmus DeShone, making him, at the time of the accident, a "natural person in the same employ."

The provision exempting all "natural persons in the same employ" (MCLA § 413.15 [Stat Ann 1968 Rev § 17.189], now PA 1969, No 317, § 827 [MCLA § 418.827; Stat Ann 1971 Cum Supp § 17.237(827)]) must be construed in light of its purpose. The legislative intent in enacting this 1952 amendment to the workmen's compensation act was "to exempt from liability * * * *all* natural persons who are carrying on the activities of the employer, regardless of what those activities may be." *Pettaway* v. *McConaghy* (1962), 367 Mich 651, 655.

MCLA § 412.1 (Stat Ann 1968 Rev § 17.151) (since repealed by PA 1969, No 317; now PA 1969, No 317, § 301 [MCLA § 418.301; Stat Ann 1971 Cum Supp § 17.237(301)]) provided that:

"Every employee going to or from his work while on the premises where his work is to be performed, and within a reasonable time before and after his

working hours, shall be presumed to be in the course of his employment."

An injury occurring in a parking lot normally used by employees and maintained by the employer although not owned or leased by him is considered to take place on the premises. *Lasiewicki* v. *Tusco Products Company* (1963), 372 Mich 125. The public right-of-way was used and maintained by the parties' employer for customer and employee parking. Therefore, the statutory presumption applies.

In addition, there was testimony that the defendant normally opened the store in the morning and that on the morning of the accident, defendant had been given the keys to the store by the owner at defendant's residence for that purpose. The injury occurred while plaintiff Wend was standing beside the store waiting for the defendant to open it. At the time of the accident, the defendant was embarked on a mission for his employer. In this capacity, his act arose out of and in the course of his employment.

The fact that the defendant's act of trying someone else's keys in his automobile did not fulfill any purpose of his employer does not affect his status. To be in the course of employment, employees are not required to do only those acts that are part of their assigned work. *Crilly* v. *Ballou* (1958), 353 Mich 303, 326 states:

"For the purposes of the compensation act the concept of course of employment is more comprehensive than the assigned work * * * . Course of employment is not scope of employment. The former, as the cases so clearly reveal, is a way of life in a working environment. If the injury results from the work itself, or from the stresses, the tensions, the associations, or the working environ-

ments, human as well as material, it is compensable."

We hold that the trial court correctly concluded there was insufficient evidence from which a jury could reasonably find that the act of the defendant which injured the plaintiff did not arise out of and in the course of his employment.

Affirmed.

T. M. KAVANAGH, C. J., and BLACK, ADAMS, T. E. BRENNAN, T. G. KAVANAGH, and SWAINSON, JJ., concurred with WILLIAMS, J.