## NEMETH v MICHIGAN BUILDING COMPONENTS

1. WORKMEN'S COMPENSATION—INJURY AFTER HOURS—COURSE OF EM-
   PLOYMENT—SAW—EMPLOYER'S PREMISES.

   Employee's injury, resulting from authorized after-hours work on
   his employer's premises for the benefit of a fellow employee,
   was, under the Workmen's Compensation Act, an injury "aris-
   ing out of and in the course of his employment"; but for the
   employment relationship, the employee would not have been
   importuned by a fellow employee to use an upright radial saw
   and, but for the employment relationship, he would not have
   been allowed to use either the employer's saw or his premises
   for this purpose (MCLA 418.301).

2. WORKMEN'S COMPENSATION—FAULT.

   Fault has nothing to do with whether or not workmen's compen-
   sation is payable.

3. WORKMEN'S COMPENSATION—INJURY AFTER HOURS—EMPLOYER'S
   EQUIPMENT—EMPLOYER'S PREMISES.

   There is a sufficient nexus between the employment and the
   injury in a case where an employee sustains an injury while
   using equipment provided by the employer on the employer's
   premises so that recovery of workmen's compensation benefits
   should be allowed even though the injury occurred after regu-
   lar working hours and the equipment was being used for a
   purpose other than the manufacture of the employer's prod-
   ucts.

Appeal from Court of Appeals, Division 2, Bron-
son, P. J., Quinn and Danhof, JJ., denying applica-
tion for leave to appeal from an order of the
Workmen's Compensation Appeal Board. Submit-
ted November 9, 1973. (No. 17 November Term

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 58 Am Jur, Workmen's Compensation §§ 210–212.
[2] 58 Am Jur, Workmen's Compensation §§ 14, 19.

1973, Docket No. 54,540.) Decided December 18, 1973.

Claim by Danny M. Nemeth against Michigan Building Components and Ohio Casualty Insurance Company for workmen's compensation. Award denied. Court of Appeals denied plaintiff's application for leave to appeal. Plaintiff appeals. Reversed and remanded to Workmen's Compensation Appeal Board for further proceedings.

*Levine & Benjamin, P. C.,* for plaintiff.

*Mansfield & Sulzbach,* for defendants.

LEVIN, J. Plaintiff Danny M. Nemeth appeals a denial of workmen's compensation benefits.

Nemeth, an employee of defendant Michigan Building Components, received his employer's permission to stay after hours and use the upright radial saw he used during regular hours to do some work for a fellow employee. Thirty-five minutes after his check-out time, Nemeth severely injured his hand while operating the saw. The injury resulted in the amputation of the four fingers of his left hand.

The Workmen's Compensation Appeal Board affirmed the hearing referee's denial of recovery on the ground that Nemeth's after-hours injury was not an injury "arising out of and in the course of his employment". MCLA 418.301; MSA 17.237(301). The Court of Appeals denied leave to appeal.

The sole issue is whether Nemeth's injury, resulting from authorized after-hours work on his employer's premises for the benefit of a fellow employee, was an injury "arising out of and in the course of his employment".

The Act provides that "[e]very employee going to or from his work while on the premises where his work is to be performed, and within a reasonable time before and after his working hours, shall be presumed to be in the course of his employment." MCLA 418.301; MSA 17.237(301).

In *Whetro v Awkerman,* 383 Mich 235, 243; 174 NW2d 783 (1970), in granting recovery, it was said: "[I]f the employment is the occasion of the injury, even though not the proximate cause, compensation should be paid."

Previously this Court, in language recently quoted with approval *(Fidelity & Casualty Co of New York v DeShone,* 384 Mich 686, 692–693; 187 NW2d 215 [1971]), said:

"For the purposes of the compensation act the concept of course of employment is more comprehensive than the assigned work * * * . Course of employment is not scope of employment. The former, as the cases so clearly reveal, is a way of life in a working environment. If the injury results from the work itself, or from the stresses, the tensions, the associations, of the working environments, human as well as material, it is compensable." *(Crilly v Ballou,* 353 Mich 303, 326; 91 NW2d 493 [1958]).

Clearly, Nemeth's injury "arose" out of the employment relationship. We are also persuaded that it occurred in the "course"—the "flow" (The Oxford Universal Dictionary), the "path, route or channel" (The Random House Dictionary)—of the worker's employment; it resulted from "the associations, of the working environments, human as well as material." *Crilly v Ballou, supra,* p 326.

But for the employment relationship, Nemeth probably would not have been importuned by the fellow employee to use the saw and, but for the employment relationship, he would not have been

allowed to use either the employer's saw or his premises for this purpose.

In real terms, there is little difference between Nemeth's injury and an injury sustained during horseplay on the employer's premises *(Crilly v Ballou, supra)* or on adjoining parking lots *(Fidelity & Casualty Co of New York v DeShone, supra),* in which cases compensation has been awarded.[1]

The employer is not at fault in this case. However, "[f]ault has nothing to do with whether or not compensation is payable. The economic impact on an injured workman and his family is the same whether the injury was caused by the employer's fault or otherwise." *Whetro v Awkerman, supra,* p 242.

Employers expend large sums in efforts to establish employee goodwill. Christmas parties and other social affairs are sponsored to further this goal. No tangible products are produced at such affairs. Yet their cost is recognized as a cost of doing business. Injuries suffered by a workman attending social affairs have been held to arise out of and in the course of employment.[2] Allowing

---

[1] *Cf. Burchett v Delton-Kellogg School,* 378 Mich 231, 236; 144 NW2d 337, 339 (1966), where this Court remanded to the Workmen's Compensation Appeal Board "for proper application of the dual-purpose doctrine." The worker, an elementary school teacher, had been injured in an automobile accident while driving home from school. This Court reasoned that as the teacher was transporting school papers and other material to work at home, she was performing a duty for her employer at the time of her injury.

Compensation was recovered by the injured employee in the following cases: *Freiborg v Chrysler Corp,* 350 Mich 104; 85 NW2d 145 (1957) (employee struck by fellow employee's automobile while walking on parking lot near plant entrance 45 minutes before check-in time); *Dyer v Sears, Roebuck & Co,* 350 Mich 92; 85 NW2d 152 (1957) (employee slipped and fell while descending the stairs of a lunchroom on the employer's premises; she had checked out for the lunch hour and was at liberty to leave the employer's premises).

[2] The anticipated benefit to the employer of improved employer-employee relationships has been held to justify the awarding of workmen's compensation benefits to employees who sustained injuries

Nemeth to use the machine after hours similarly served to promote and maintain good employer-employee relationships.

There is a sufficient nexus between the employment and the injury in a case where an employee sustains an injury while using equipment provided by the employer on the employer's premises so that recovery should be allowed even though the injury occurred after regular working hours and the equipment was being used for a purpose other than the manufacture of the employer's products.[3]

Reversed and remanded to the Workmen's Compensation Appeal Board for proceedings consistent with this opinion.

T. M. KAVANAGH, C. J., and T. E. BRENNAN, T. G. KAVANAGH, SWAINSON, and WILLIAMS, JJ., concurred with LEVIN, J.

M. S. COLEMAN, J., concurred in the result.

while voluntarily attending employer sponsored social gatherings held on the employers' premises *(Du Charme v Columbia Engineering Co,* 31 NJ Super 167, 169; 106 A2d 23, 24 [1954]; *Cf. Moore's Case,* 330 Mass 1; 110 NE2d 764 [1953]) and off the employers' premises *(Kelly v Hackensack Water Co,* 10 NJ Super 528, 536; 77 A2d 467, 471 [1950]; *Mack v State Street Mill Bargain Center, Inc,* 17 App Div 2d 1006; 233 NYS2d 810 [1962]; *Kohlmayer v Keller,* 24 Ohio St 2d 10; 263 NE2d 231, 233; 47 ALR3d 560 [1970]).

[3] *Cf. Wamhoff v Wagner Electric Corp,* 354 Mo 711; 190 SW2d 915 (1945), where the Court sustained an award to an employee injured at his place of employment during working hours while he was operating the employer's machine, not for the benefit of the employer, but for his own personal benefit.