HICKS v GENERAL MOTORS CORPORATION, CHEVROLET
ASSEMBLY PLANT

OPINION OF THE COURT

1. WORKMEN'S COMPENSATION—WORKMEN'S COMPENSATION ACT—EM-
PLOYMENT—WORDS AND PHRASES.

The employment covered by the Workmen's Compensation Act is
not limited by the exact time when the workman reaches the
scene of his labor and begins work nor by the exact time when
he ceases work, but includes a reasonable time, space, and
opportunity before and after work, while the workman is at or
near his place of employment.

2. WORKMEN'S COMPENSATION—WORKMEN'S COMPENSATION ACT—PRO-
TECTION OF ACT—PLACE OF EMPLOYMENT.

A workman might be on the premises of another than his
employer, or in a public place, and yet be so close to the scene
of his labor, within its zone, environments, and hazards, as to
be in effect at the place of employment and under the protec-
tion of the Workman's Compensation Act.

3. WORKMEN'S COMPENSATION—WORKMEN'S COMPENSATION ACT—
COMPENSABLE INJURIES—CIRCUMSTANCE OF EMPLOYMENT.

An injury is compensable under the Workmen's Compensation
Act where there is a sufficient nexus between employment and
the injury to conclude that the injury was a circumstance of
the employment.

4. WORKMEN'S COMPENSATION—BENEFITS—FACTORS—TRAFFIC RISKS.

One factor considered as supportive of a finding that an employee
is entitled to workmen's compensation benefits is whether the
employment subjects the employee to excessive exposure to
traffic risks.

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 58 Am Jur, Workmen's Compensation § 214 *et seq.*
[5, 6] 58 Am Jur, Workmen's Compensation § 221.
[7] 58 Am Jur, Workmen's Compensation § 231.
[8] 58 Am Jur, Workmen's Compensation § 530.

5. WORKMEN'S COMPENSATION—EMPLOYMENT ZONE—APPEAL BOARD—
   APPEAL AND ERROR.

   The zone, environments and hazards of an employee's employ-
   ment include the risk to the employee of his being struck by a
   car at a heavily travelled and very busy traffic light and plant
   exit.

6. WORKMEN'S COMPENSATION—WORKMEN'S COMPENSATION ACT—
   COMPENSABLE INJURIES—OCCASION OF INJURY—EMPLOYMENT—
   PARKING LOT—EXIT GATE.

   Employment was the occasion of an injury and, therefore, the
   injury is compensable under the Workmen's Compensation Act
   where plaintiff's truck muffler fell off on the employer's prem-
   ises as plaintiff, who had finished his work shift and driven his
   truck to the exit gate on the company parking lot, waited in
   line for his turn to exit from the lot onto a city street, and
   where plaintiff left the premises only with the intention of
   removing his vehicle from heavy traffic to a parking place so
   that he could return immediately to pick up his muffler.

7. WORKMEN'S COMPENSATION—WORKMEN'S COMPENSATION ACT—EM-
   PLOYEES—COURSE OF EMPLOYMENT—REMOVAL—VOLUNTARY
   ACTS.

   An employee who volunteers to do something which is not a part
   of his assigned duties does not automatically remove himself
   from the course of his employment for purposes of the Work-
   men's Compensation Act.

CONCURRENCE BY M. J. KELLY, J.

8. WORKMEN'S COMPENSATION—APPEAL BOARD—FINDINGS OF FACT—
   COURT OF APPEALS—STATUTES.

   *The Court of Appeals is not at liberty to substitute its judgment
   for that of a Workmen's Compensation Appeal Board on factual
   issues (MCLA 418.861; MSA 17.237[861]).*

Appeal from Workmen's Compensation Appeal
Board. Submitted October 14, 1975, at Lansing.
(Docket No. 22268.) Decided December 3, 1975.
Leave to appeal denied, 396 Mich 838.

Claim by Julius B. Hicks against General Mo-
tors Corporation, Chevrolet Assembly Plant, for
workmen's compensation. Compensation granted.
Defendant appeals by leave granted. Affirmed.

*Theodore M. Rosenberg, P. C.,* for plaintiff.

*Munroe & Nobach, P. C.,* for defendant.

Before: McGREGOR, P. J., and D. E. HOLBROOK, JR. and M. J. KELLY, JJ.

McGREGOR, P. J. On leave granted, defendant appeals from an order of the Workmen's Compensation Appeal Board, affirming the hearing referee's award of workmen's compensation benefits to the plaintiff.

The opinion of the appeal board, though brief, sets forth the essential facts found, the issue presented, the standard of law applied, and their conclusion, as follows:

"Defendant appeals the referee's award of benefits for an accident occurring just outside plant gates, arguing that it has successfully rebutted the presumption in Chapter 3, Section 301(2): [MCLA 418.301(2); MSA 17.237(301)(2)]

" 'Every employee going to or from his work, while on the premises where his work is to be performed, and within a reasonable time before and after his working hours, shall be presumed to be in the course of his employment.'

"This case involves a plaintiff who finished his work shift, got into his personal truck on the company parking lot, and drove to the exit gate. That exit was controlled by a traffic signal as it fed onto a city street. As plaintiff waited in line for his turn to exit, his truck muffler fell off. He drove out through the light and crossed the four-lane city street, parking the truck on the far side of the intersection. He waited for the traffic signal to change, and walked back across the street with the intention of picking up his muffler, which was back inside the plant parking lot. He had crossed three of the four lanes and was struck by a car in the fourth. His injuries and continuing disability since the incident are not in dispute. The referee's decision gives defend-

ant credit for a third-party settlement made with the auto owner.

"Defendant argues essentially that the falling of a muffler from plaintiff's truck was not a risk occasioned by employment, and that plaintiff had left its premises and had not regained those premises when the accident occurred.

"However, applying the yardstick of *Fischer v Lincoln Tool & Die,* 37 Mich App 198; 194 NW2d 476 (1971) (and citations therein), we find plaintiff not to have left the 'zone, environments and hazards' of his workplace * * * and point specifically to the hazards of exiting or returning to the plant entrance precisely where hundreds of workers' cars flow out onto the city street."

Defendant argues that plaintiff had left the "zone, environments, and hazards" of the employment. *Hills v Blair,* 182 Mich 20; 148 NW 243 (1914). In *Hills,* the employee was struck by a train on his way home for lunch, although still on the employer's premises. Therefore, defendant asserts that *Hills* is distinguishable from the instant matter because this plaintiff was not on the employer's premises and was pursuing a completely personal mission.[1] As *Hills* and numerous succeeding cases have made clear, however, the zone, environment and hazards of employment are not determined solely by the boundaries of the premises.

It has been held:

"that the employment is not limited by the exact time when the workman reaches the scene of his labor and begins it, nor when he ceases, but includes a reasonable time, space, and opportunity before and

---

[1] Defendant charges that plaintiff was attempting to retrieve a muffler which had fallen off his car in a public street. Plaintiff testified that the muffler fell off inside the plant parking lot, the appeal board reached that conclusion of fact, and we are not free to dispute it.

after, while he is at or near his place of employment. One of the tests sometimes applied is whether the workman is still on the premises of his employer. This, while often a helpful consideration, is by no means conclusive. A workman might be on the premises of another than his employer, or in a public place, and yet be so close to the scene of his labor, within its zone, environments, and hazards, as to be in effect at the place and under the protection of the act". *Hills v Blair, supra,* 27.

Having become riddled with exceptions, the general rule of noncompensability while going to and from work has evolved into a new rule which compensates injury where there is a sufficient nexus between the employment and the injury to conclude that it was a circumstance of the employment. *Thomas v Certified Refrigeration, Inc,* 392 Mich 623; 221 NW2d 378 (1974), *Nemeth v Michigan Building Components,* 390 Mich 734; 213 NW2d 144 (1973), also see *Stark v L E Meyers Co,* 58 Mich App 439; 228 NW2d 411 (1975).

One of the factors considered as supportive of a finding that the employee is entitled to workmen's compensation benefits, either as an exception to the general rule or as establishing a sufficient nexus, is whether the employment subjects the employee to excessive exposure to traffic risks. See *Chrysler v Blue Arrow Transport Lines,* 295 Mich 606; 295 NW 331 (1940), *Dent v Ford Motor Co,* 275 Mich 39; 265 NW 518 (1936).

Applying that appropriate standard of law, we cannot say that the appeal board erred in concluding that the zone, environments and hazards of the employment included the risk of being struck by another car at a heavily travelled and very busy traffic light and plant exit. Compare *Stark v L E Meyers Co, supra,* in which this Court affirmed

a finding that plaintiff was exposed merely to the normal risks of traffic in his 140-mile daily travels.

We agree with the appeal board's finding, that there was no significant difference in the risks involved to one who is on foot rather than driving a vehicle at such an intersection.

Defendant argues that the doctrine applies only to employees travelling the "usual, customary and direct route", *Fischer v Lincoln Tool & Die Co, supra, lv den* 387 Mich 755 (1972). Defendant argues that the plaintiff here either had deviated from that "usual, customary and direct route" on a purely personal mission, or had already accomplished his travel on that route, leaving the hazards of the employment. We find this argument inapplicable and unpersuasive.

It was held in *Jean v Chrysler Corp,* 2 Mich App 564; 140 NW2d 756 (1966), that where the employee left the work premises and was injured while crossing a public thoroughfare on his way to the employer-leased parking lot, the injury was compensable. In *Fischer v Lincoln Tool & Die Co, supra,* the employer expected his workers to park on the public streets and the same rule was applied by analogy. We find no difficulty in applying the same rule to the instant case, where the original occurrence was on the employer's premises and the employee left only with the intention of removing his vehicle from the heavy traffic to a parking place so that he could return immediately to the premises because of that occurrence. While there was no proximate causal connection between the employment and the injury, the employment was the occasion of the injury and, therefore, is compensable. *Whetro v Awkerman,* 383 Mich 235; 174 NW2d 783 (1970).

Finally, defendant argues that plaintiff was

merely on a personal mission on his personal time on his way home from work, distinguishable from *Fidelity & Casualty Co of NY v DeShone,* 384 Mich 686; 187 NW2d 215 (1971). We do not find this argument necessary for our decision, but will comment. Plaintiff's interest in retrieving the muffler of his vehicle may have been primarily personal, but that motive does not negate the fact that his removal of the traffic hazard from the driveway of the employer's parking lot would decrease the risk of a compensable personal injury to his coemployees and, therefore, would benefit his employer. The actions of the employee—first, to remove his vehicle from the heavy traffic to a safe parking place and, then, his return to correct the problem—were not unreasonable. The fact that plaintiff volunteered to do something which was not a part of his assigned duties does not automatically remove him from the course of his employment. Thus, injury arose from an occurrence within the working environment, human as well as material. *Crilly v Ballou,* 353 Mich 303; 91 NW2d 493 (1958). The injured employee's status would not be changed even if his activities did not fulfill any purpose of the employer, according to the *DeShone* case. It is our determination, therefore, that the appeal board did not indicate the application of an erroneous legal standard, nor misapply the legal standard, by failing to make specific findings and conclusions on the question of whether the employee was on a personal mission or was about the business of his employer.

There is sufficient evidence in the record to support the conclusions of the Workmen's Compensation Appeal Board. It is the finding of this Court that the board applied the appropriate legal standards.

Affirmed.

D. E. HOLBROOK, JR., J., concurred.

M. J. KELLY, J. *(concurring)*. I vote to affirm only for the reason that I consider the question of whether there was a sufficient connection between the employment and the traffic in front of defendant's plant gates to be a question of fact. If I were sitting as a fact finder I would have found differently. But we are not at liberty to substitute our judgment for that of the appeal board on factual issues. MCLA 418.861; MSA 17.237(861).