AETNA CASUALTY & SURETY COMPANY v DUCKHAM

Docket No. 78-258. Submitted November 2, 1978, at Lansing.—Decided March 22, 1979.

Philip Duckham contracted with Double A Products to remove trash from the Double A manufacturing plant. Duckham would leave a trash compacting truck at the Double A plant and would periodically empty the truck when necessary. John Johnson, a part-time employee of Duckham's, went to the Double A plant to visit with the men there. He was not on the job at the time. While he was there, an employee of Double A experienced difficulty with the trash compactor truck, and Johnson offered his assistance. In an attempt to free the mechanism three of Johnson's fingers were severed. Johnson petitioned for workmen's compensation benefits against Duckham, Double A, and Double A's insurer, Aetna Casualty & Surety Company. Duckham carried no workmen's compensation insurance, in violation of statute. A redemption hearing was held at which Duckham denied any liability, alleging there was no employment relationship at the time of Johnson's injury. Subsequently, a redemption settlement was entered into between Johnson and Double A. Aetna Casualty & Surety then commenced suit in a district court seeking indemnification from Duckham. The district court found that Johnson was not injured in the course of his employment, and denied indemnification. On appeal, the Jackson Circuit Court, Gordon W. Britten, J., affirmed. Aetna appeals by leave granted. *Held:*

It is probable that but for Johnson's employment relationship with Duckham, he would not have offered to help with the truck mechanism. His familiarity with the equipment, gained from his employment with Duckham, led him to offer the assistance which resulted in his injury. The injury, therefore, arose out of an employment relationship with the defendant,

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation §§ 240–243.
[2] 81 Am Jur 2d, Workmen's Compensation §§ 109–111.
[3] 82 Am Jur 2d, Workmen's Compensation § 631.
[4] 82 Am Jur 2d, Workmen's Compensation § 427.

and Aetna has a right to indemnification from Duckham. The trial court's finding of no cause of action was clearly erroneous.

Reversed.

M. J. KELLY, P.J., dissented. He would apply a standard of review stricter than the "clearly erroneous" standard used by the majority, because the questions involved in this case customarily come before the Court of Appeals as an appeal from the Workmen's Compensation Appeal Board, in which case the lower tribunal's findings are to be upheld if there is any evidence in the record to support those findings (barring other error not present in this case). Also, it is not clear that Double A or its insurer, Aetna, qualifies as a principal under the statute which allows indemnification from a contractor. Judge KELLY would affirm.

### OPINION OF THE COURT

1. WORKMEN'S COMPENSATION — EMPLOYMENT — EMPLOYMENT RELATIONSHIP.

Workmen's compensation should be paid to an injured employee if the employment is the occasion of the injury, even though not the proximate cause; if it is possible to say that but for the employment relationship the injury would not have occurred, the employee is entitled to compensation.

2. WORKMEN'S COMPENSATION — EMPLOYMENT RELATIONSHIP — INJURY ARISING FROM EMPLOYMENT.

A party's injury arose out of an employment relationship with a defendant where the employee was a part-time employee of the defendant, both before and after his injury, and was injured at a time when he was not on the job but was helping to load a garbage truck at a plant which contracted with his part-time employer and it was his familiarity with the equipment, gained from his employment with the defendant, that led him to offer the assistance.

### DISSENT BY M. J. KELLY, P.J.

3. WORKMEN'S COMPENSATION — COURSE OF EMPLOYMENT — FINDINGS OF FACT — CLEAR ERROR.

*The question of whether an employee was injured in the course of his employment requires a weighing of the evidence and an assessment of the credibility of the witnesses, and where a trial court's findings of fact in a case for indemnification for workmen's compensation benefits paid are supported by some evi-*

*dence in the record those findings should not on appeal be held to be clearly erroneous.*

4. Workmen's Compensation — Indemnity — Principal — Statutes.

   *A person, firm or corporation, not engaged in the business of trash removal or trash compacting, which contracts for trash removal should not be considered a principal as to the employees of the trash remover for purposes of the statute which allows a principal to be indemnified by a contractor undertaking "the whole or any part of any work undertaken by the principal" for any amounts paid by the principal as compensation to an injured employee of the contractor (MCL 418.171; MSA 17.237[171]).*

*Davis & Fajen,* for plaintiff.

Before: M. J. Kelly, P.J., and J. H. Gillis and M. F. Cavanagh, JJ.

Per Curiam. By leave granted, plaintiff appeals from a circuit court order affirming a prior district court finding that plaintiff had no cause of action against defendant.

Plaintiff is the insurance carrier for Double A Products of Manchester, Michigan. Double A Products and defendant Duckham had entered into an agreement pursuant to which defendant agreed to haul trash from the Double A plant for a price fixed in the agreement. The course of dealing established the method by which the contract was to be carried out, namely, Duckham left a trash compacting truck at the Double A plant and, when it was full, either he himself or an employee of his would drive the truck to the dump, empty it, and return the truck to the Double A plant.

On April 14, 1966, one John Johnson, a part-time employee of the defendant employed on an "as needed" basis, who was a full-time employee of

the Dempsey Company in Garden City, Michigan, was unable to report to his regular employment with the Dempsey Company because his automobile broke down. Johnson succeeded in driving his automobile, however, from his home in Jackson to Manchester. He first stopped at a bar and imbibed some alcoholic beverages.

Johnson then proceeded to the Double A plant. A Double A employee was loading defendant's trash compactor, and Johnson rendered assistance. The truck mechanism was jammed and, in an attempt to free the device, Johnson caught his hand in the machinery and severed three fingers of one hand. The severed fingers were discovered in Johnson's glove and surgically restored to his hand at the hospital.

Johnson instituted a petition for worker's disability compensation benefits against defendant Duckham, who, in, violation of statute, carried no workman's compensation insurance, as well as against Double A and its insurance carrier, Aetna Casualty & Surety Company.

Subsequently, a redemption hearing was held at which all parties were represented. Duckham's attorney stated that Duckham denied liability under the act in that he denied there was an employment relationship at the time of Johnson's injury. The attorney then stated that having denied liability on behalf of his client, he would not participate in the redemption hearing. Johnson and Double A then voluntarily entered into a redemption settlement. This was done despite the fact that Duckham's attorney had specifically stated on the record of the redemption hearing that Duckham would deny any liability for reimbursement to Double A or its insurance carrier. Johnson's petition for compensation against Duckham was not

further pursued. Plaintiff thereafter commenced this suit seeking indemnification pursuant to MCL 418.171(2); MSA 17.237(171)(2).

The district court found, and the circuit court affirmed, that on the day in question Johnson was not an employee of defendant and was not injured in the course of his employment. In reaching this conclusion, the court found to be significant the facts that on the date in question Johnson was not requested to come in for work, did not report at defendant's office nor punch in, was out drinking and decided to voluntarily visit the men at the Double A plant. Once it was determined that the employment relationship was not established, plaintiff's claim for indemnification necessarily fell.

Four issues are raised in this appeal. Only one is of sufficient significance to merit discussion. Simply stated, we must determine whether the lower court's decision that Johnson's injury was not related to his employment with defendant was in error.

In *Whetro v Awkerman,* 383 Mich 235, 242-243; 174 NW2d 783 (1970), the Supreme Court concluded that in Michigan, if the employment is the occasion of the injury, even though not the proximate cause, compensation should be paid. Thus, in *Whetro,* the Court held that injuries caused by the devastating Palm Sunday, 1965, tornados were compensable under the worker's compensation act.

In *Nemeth v Michigan Building Components,* 390 Mich 734; 213 NW2d 144 (1973), the Court held that where an employee was injured while working after hours with his employer's equipment on a project with a fellow employee, his injury arose out of the employment relationship. The Court set out a "sufficient nexus" test. If it is

possible to say that "but for the employment rela-
tionship" the injury would not have occurred, then
the injured employee is entitled to compensation.

In a later case, *Hicks v General Motors Corp,* 66
Mich App 38, 44; 238 NW2d 194 (1975), *lv den* 396
Mich 838 (1976), this Court held that a plaintiff's
volunteering to do something outside of his work-
ing hours which was not a part of his assigned
duties did not automatically remove him from the
course of his employment.

Most recently, the Supreme Court allowed recov-
ery by an employee who was struck by a car, off-
premises, while walking across a street to a restau-
rant during his lunch break. *McClure v General
Motors Corp,* 402 Mich 392; 262 NW2d 829 (1978).
The Court stated, at 395:

"Here, too, 'it was a circumstance of his employment
that placed plaintiff in this case where he was when he
was accidentally injured'. It was as an incident of the
employment relationship that McClure found himself in
the traffic lane on the Fleetwood Inn side of Fort Street
approximately 50 to 75 yards from the factory during
his lunch break on April 14, 1973."

In the instant case the injured employee's status
as a part-time employee of defendant both before
and after his injury is undisputed. His action in
helping plaintiff's insured's employees load defen-
dant's garbage truck arose out of his employment
relationship with defendant. It is probable that
"but for the employment relationship", the injured
employee would not have offered to help plaintiff's
insured's employees load the garbage truck. It was
his familiarity with defendant's equipment, gained
from his employment with defendant, that led the
injured employee to offer assistnace on the date of
his injury. We hold under these circumstances,

therefore, that the injury arose out of an employment relationship with defendant.

By statute, MCL 418.171; MSA 17.237(171), plaintiff has the right to seek indemnification from defendant for the amount paid to the injured employee as a result of the redemption settlement.

The district court's finding of no cause of action was clearly erroneous and is reversed. Appellant may tax costs.

M. J. KELLY, P.J. *(dissenting).* There is a problem in this case with applying the "clearly erroneous" appellate standard of review. Usually we have a more rigid standard. This case does not come to us through the customary route of a grant of leave from the Workmen's Compensation Appeal Board. If it had come that route our issues would be from a mix of three:

1. Has the appeal board made an error of law or applied an inproper legal standard?

2. Are the findings of fact by the appeal board supported by any reasonable interpretation of the evidence presented?

3. Did the appeal board trip over a jural relationship? (See *Deziel v Difco Laboratories, Inc,* 394 Mich 466, 475; 232 NW2d 146 (1975), *citing* 1 Wigmore, Evidence (3d ed), § 1, pp 2-3, entitled "Law and Fact, Distinguished".)

There is no question but that if this dispute had been heard by the Workmen's Compensation Appeal Board, and thence to this Court by grant of leave, we would have affirmed had the appeal board found that John Johnson, the employee, was acting in the scope of his employment. The authorities cited by the majority are ample support for such a finding.

If the appeal board had found, however, on these

facts that the employee was not acting within the scope of his employment at the time of his injury, and his injury was therefore not compensable, would we reverse? I am inclined to answer in the negative. If there was record support for the appeal board to make the findings of fact that the district court made in the case at bar, I think I would be inclined to say, jural relationship notwithstanding, that the findings of fact were supported by some evidence in the record. Here are some of the district court findings:

"The plaintiff is the insurance carrier for Double A Products, of Manchester, Michigan. Double A Products and the Defendant had entered into an agreement wherein for a certain contracted price the Defendant would haul trash from the Double A Plant. The testimony established that on April 14, 1966, one John Johnson was a full time employee of a Dempsey Company in Garden City, Michigan, and worked on a part-time basis for the Defendant as needed. On the date in question, Mr. Johnson testified that he would have gone to his employment in Garden City had his automobile been operating. However, he did instead go from his home in Jackson to the city of Manchester, apparently driving his own automobile. He admitted he wasn't quite sure how he got there, but other evidence established that his car was on the premises of Double A. He also admitted that he first stopped at a bar and had some alcoholic beverages to drink. He then went to the Double A plant where one of the Defendant's trucks was left to be loaded with trash, and then subsequently to be removed by the Defendant. One of the Double A employees was apparently loading the truck, and Mr. Johnson gave him some assistance. In the process, Mr. Johnson's hand was injured.

\* \* \*

"As to whether or not on the day in question Mr. Johnson was an employee of Duckham and whether or not he was injured in the course of such employment, the court makes note of the following facts. Mr. John-

son testified that he did not on the day in question report for work to the Duckham company office; he did not punch in; he was not requested to come in for work; it was not his job to go to Double A Company to assist in the loading or removal of the truck from the premises; his job with the Defendant was a part time job, to be worked as needed; his normal job had he been working for the Defendant would have been on a company route truck, not as a driver, but as a garbage pick up man; Mr. Johnson further testified that he was not sure whether at the time he was working for Duckham; Duckham's testimony was that he was not working for him that day; Mr. Johnson also testified that on the day in question he was working full time for another company; Mr. Johnson's testimony further establishes that on that day he had been out drinking, and that he just wanted to visit the men at Double A, and did so, and was injured."

As I perceive them on review the trial court's findings affirmed by the circuit court were not clearly erroneous. It is a course of employment question which requires a weighing of the evidence and to some extent an assessment of the credibility of the witnesses. Mr. Johnson's testimony was contradictory.

I am not at all satisfied that Double A Products was a statutory principal within the meaning of MCL 418.171; MSA 17.237(171) because the applicable provision applies where the principal, Double A in this case, hires a contractor, Duckham in this case, to execute "the whole or any part of any work undertaken by the principal". Double A is not engaged in the business of trash removal or trash compacting, hence it is questionable whether in the first place Aetna Casualty & Surety Company was anything more than a volunteer. We really don't have a record which develops this issue and we are ill-served by the defendant's failure to participate in this appeal. But the record is clear that defendant rejected the agreement of the parties to redeem and refused to participate in

the proceedings which were thereafter simply abandoned as to him. It is not readily apparent that a person, firm or corporation contracting for trash removal becomes a principal as to the employees of the trash remover. The fact of the redemption establishes nothing more than that Double A and its insurer, Aetna, bought peace for $4,000 from a willing claimant who had three fingers traumatically amputated and surgically restored.

There is record support for the "ordinary facts" (see *Deziel v Difco Laboratories, Inc, supra)* found in the courts below that:

A. Picking up the truck at Double A Products was the job of Philip Duckham and not the job of John Johnson.

B. John Johnson was a part-time employee called in on an as-needed basis.

C. Johnson was employed full-time by an entirely unrelated employer, Dempsey Company, in a different city.

D. Johnson went to visit friends at Double A Products.

E. He said his automobile was disabled but he somehow drove it to Double A Products.

F. Johnson had been imbibing alcoholic beverages in a bar before the accident complained of.

All of the above were perceived as facts below, and the trier of the facts was in the best position to observe the demeanor of the witnesses and assess their credibility. If, therefore, we were reviewing the appeal board on such findings, we would have to find an error of law or a jural relationship out of kilter. I see neither. I find that the trial court's findings were not clearly erroneous and its conclusion that plaintiff failed to carry its burden of proof also is not clearly erroneous.

I would affirm.