McCLURE v GENERAL MOTORS CORPORATION

Docket No. 59625. Decided March 13, 1978. On application by plaintiff for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the decision of the Workmen's Compensation Appeal Board and remanded for further proceedings. Rehearing granted *post,* p 950q.

The Workmen's Compensation Appeal Board denied Carol Mc-Clure's claim for the death of her husband, Gary McClure, against his employer, General Motors Corporation, Fisher Body Division, Fleetwood Plant. The board found that Gary Mc-Clure's death, which was the result of injuries caused when he was struck by an automobile while crossing the street from the Fleetwood Plant to a restaurant with three coworkers during his lunch break, did not arise out of and in the course of his employment. The Court of Appeals, T. M. Burns, P.J., and Allen and D. F. Walsh, JJ., denied leave to appeal (Docket No. 31354). Plaintiff applies for leave to appeal. *Held:*

The fact that the defendant maintained a cafeteria and lunch wagons at the Fleetwood plant is not decisive. The record shows that McClure and his coworkers apparently felt that the restaurant had something to offer that the cafeteria and the lunch wagons did not. It was a circumstance of his employment that placed the worker in this case in the traffic lane on the restaurant side of the street approximately 50 to 75 yards from the factory during his lunch break. His death arose out of and in the course of his employment.

Justice Coleman, joined by Justice Ryan, dissented. The Workmen's Compensation Appeal Board found that McClure was not in the course of his employment and that the contract of his employment did not place him at the point of peril when he was injured. The case upon which the Court relies is inapposite because it involved a worker who was required by the circumstances of his employment to work irregular hours with long breaks between "swing runs". In the instant case there was only a one-half hour unpaid break, and the employer had no control over its employees during the lunch break nor over the safety of the public streets. The defendant had provided a cafeteria, lunch wagons and vending machines for the workers if they wished to eat there, but the worker was free to

leave the premises and to make his own excursions. The imposition of workmen's compensation liability upon the employer in such circumstances is not within the purpose of the Worker's Disability Compensation Act, nor anticipated by it.

Reversed and remanded to the Workmen's Compensation Appeal Board for further proceedings.

*Richard P. Riordan* for plaintiff.

*A. Ronald Sirna, Jr.,* and *Willard W. Wallace (Frazer F. Hilder,* General Counsel, of counsel) for defendant.

PER CURIAM. Gary McClure died as a result of injuries he suffered when he was struck by an automobile while crossing the street from the plant where he was employed to the Fleetwood Inn during his 30-minute lunch break. The question in this worker's compensation case is whether McClure's death arose out of and in the course of his employment. We conclude that it did.

I

Testimony was received that plaintiff worked an 8-1/2 hour shift and was paid for 8 hours. The Workmen's Compensation Appeal Board found that he was not paid for the 30-minute lunch period. The total work force on that shift at the Fleetwood plant was estimated to be 1800 to 2500 persons, 50 to 100 of whom habitually crossed Fort Street during their lunch hour to eat at the Fleetwood Inn, located some 75 yards away. The Fleetwood Inn apparently depended on the workers for its business, since it closed during model changeover.

General Motors exerted no control over the lunch period and the employees were allowed to eat at the Fleetwood Inn. However, as required by

its agreement with the United Auto Workers, General Motors had on its premises a cafeteria seating 500 persons and lunch wagons that included some hot sandwiches.

During McClure's 30-minute lunch period, on April 14, 1973, McClure and three coworkers left the plant gates on West End Avenue, and went north to Fort Street where there was a traffic light, but did not cross. Instead, they proceeded on the south side of Fort Street about 100 yards to a point across from the Fleetwood Inn. Although there was no cross-walk there, McClure attempted to run across Fort Street. He was struck by an automobile in the traffic lane on the Fleetwood Inn side of Fort Street, approximately 50 to 75 yards from the factory. He died from his injuries on November 8, 1973, never having left the hospital.

The administrative law judge awarded benefits on September 19, 1974, but the appeal board reversed on October 13, 1976, and the Court of Appeals denied leave to appeal on March 25, 1977.

II

Defendant argues that the appeal board was correct because plaintiff's uncompensated, off-premises trip to the Fleetwood Inn was required neither directly by his employment nor indirectly because of inadequate facilities for lunch at the plant.

We do not find decisive the fact that General Motors maintained a cafeteria and lunch wagons. McClure and his coworkers apparently felt that the Fleetwood Inn had something to offer that the cafeteria and the lunch wagons did not.

In *Howard v Detroit,* 377 Mich 102; 139 NW2d 677 (1966), an employee bus driver had a morning

run and an afternoon run with from 45 minutes to 5 hours in between on different days. While food was available at the terminal, Howard normally went home and was going home the day he was injured. In concluding that the bus driver was entitled to worker's compensation benefits, the *Howard* Court specifically observed that no incident of his employment required him to leave the terminal during the five-hour interval or required, if he did choose to leave, that he travel by automobile. But "it was", said Justice O'HARA speaking for this Court, "a circumstance of his employment that placed plaintiff in this case where he was when he was accidentally injured". 377 Mich 110.[1]

Here, too, "it was a circumstance of his employment that placed plaintiff in this case where he was when he was accidentally injured". It was as an incident of the employment relationship that McClure found himself in the traffic lane on the Fleetwood Inn side of Fort Street approximately 50 to 75 yards from the factory during his lunch break on April 14, 1973.[2]

On order of the Court, the application for leave to appeal is considered and, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we remand the case to the Workmen's Compensation Appeal Board for further proceedings consistent with this opinion.

KAVANAGH, C.J., and WILLIAMS, LEVIN, FITZGERALD, and BLAIR MOODY, JR., JJ., concurred.

[1] See, also, *Thomas v Certified Refrigeration, Inc,* 392 Mich 623, 631–632; 221 NW2d 378 (1974), and *Burchett v Delton-Kellogg School,* 378 Mich 231, 234; 144 NW2d 337 (1966).

[2] Recognizing that McClure's injury and death arose out of and in the course of his employment does not require abandonment of the general rule that injuries sustained while going to or coming from work do not arise out of and in the course of one's employment, except as modified by MCLA 418.301(2); MSA 17.237(301)(2).

Coleman, J. *(dissenting)*. The Workmen's Compensation Appeal Board (WCAB) found that Gary McClure was not in the course of his employment, that the contract of employment of the deceased did not place him at the point of peril where his injuries occurred and therefore denied compensation. The per curiam opinion expands both the "premises" and "circumstances of employment" concepts. The expansion leaves us with an open-ended and impractical precedent. I would affirm the WCAB.

Gary McClure, an hourly employee, was hit by an automobile while jaywalking on a street which paralleled defendant's Fleetwood plant. He was in the midst of an unpaid lunch break and was enroute to a restaurant across the street. The General Motors plant was equipped with a 500-seat cafeteria, lunch wagons and vending machines. However, employees were not under GM control during lunch, so were not required to utilize these facilities. They were free to use their 30-minute unpaid break as they pleased.

The majority, relying principally upon *Howard v Detroit,* 377 Mich 102; 139 NW2d 677 (1966), and similarly inapposite cases, determined that it was a "circumstance" and an "incident" of the employment relationship that McClure jaywalked toward the restaurant during his lunch break. Reliance upon *Howard* is misplaced. Implicit in the *Howard* Court's opinion is the fact that the irregular nature of a "swing-run" and the resulting "spread time" (nondriving interval) created a situation entirely different from that of a regular driver. Howard was returning from about a five-hour break in employment when his automobile accident occurred. This break was a "circumstance" of his employment as a "swing-run" driver which

justified the result. *Howard v Detroit, supra,* 108–110.

While a regular lunch break would not have forced Mr. Howard to leave the terminal, it was unreasonable to expect a person to sit around the terminal for five hours waiting to complete a required day's work. Therefore, the Court found that the long interval between swing runs was a circumstance of employment which placed him where he was at the time of the accident.

Those facts are far from this case. The union required and the employer supplied accommodations for lunch. There were no extensive time gaps between work periods—only one-half hour. The employee was not "forced" to leave the plant to eat. As noted in the per curiam opinion, there may have been something to eat or drink at the Inn not available in the plant cafeteria and Mr. McClure was free to leave the premises and make his own excursions. GM had no control in the unpaid period over its employees, nor did it have control over the public street and safety measures there.

Mr. McClure's decision to leave the plant and eat at a place other than that provided (and protected) by defendant was his own. He could have driven to a place well out of the plant area and been injured on a distant street. Many possible combinations of lunch break whims and resultant off-premises injuries come to mind. The imposition of strict liability upon the employer in these situations is not within the purpose of the Workmen's Compensation Act nor, I submit, anticipated by it.

It is true that we have judicially expanded the act by new definitions and exceptions. It seems unwise, however, for us to expand further into such a conceptually unclear and impractical new area of liability.

The WCAB found that Mr. McClure was not acting within or incident to the employment relationship at the time of the accident. I agree. The per curiam opinion catapults virtually all employee activity during any break in the work day, no matter where conducted, into the course of employment relationship. I would not judicially extend workmen's compensation coverage so far afield.

I would affirm.

Ryan, J., concurred with Coleman, J.