547 N.W.2d 663 (1996)
Leroy HREN, Plaintiff-Appellant,
v.
DETROIT EDISON, Defendant-Appellee.
No. 102853, COA No. 170599.
Supreme Court of Michigan.
February 2, 1996.

ORDER
On order of the Court, the delayed application for leave to appeal is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
LEVIN, J., states as follows:
I would grant leave to appeal.

I
LeRoy Hren left a bar in Inkster and was crossing the road with a companion. He was wearing dark clothes, and the street lights were not working. As he started across the street, his companion grabbed and attempted to pull him back, out of the path of an oncoming automobile. Despite his friend's efforts, Hren was hit and injured. He brought this action against Detroit Edison for failing to maintain the lights as required by the contract with the city. He claims this created an unsafe environment.
The circuit court granted defendant's summary disposition motion, holding that Detroit Edison owed no duty to plaintiff to light the area. The Court of Appeals affirmed in an unpublished opinion relying on Anderson v. Iron Mountain Water Works, 225 Mich. 574, 196 N.W. 357 (1923).

II
The leading case is H.R. Moch Co., Inc. v. Rensselaer Water Co., 247 N.Y. 160, 159 N.E. 896 (1928).[1] There, a corporation that had contracted with a city to provide water at the hydrants was sued by the plaintiff, whose warehouse burned down when the water was not there. Judge Cardozo expounded that "liability would be unduly and indeed indefinitely extended by this enlargement of the zone of duty." Id. at 168, 159 N.E. 896. His decision was based on the large and unpredictable costs that would attach to any contracting party ("[t]he dealer in coal who is to supply fuel for a shop must then answer to the customers if fuel is lacking"). Id.
Adherence to the "Moch rule" has been deteriorating. A number of jurisdictions, including Alabama,[2] New Jersey,[3] North Carolina,[4] and Pennsylvania[5] have abandoned it, and allowed the type of action denied in Moch.
I would, again, grant leave to appeal.
NOTES
[1] See Prosser & Keeton, Torts (5th ed.), § 93, p. 669.
[2] Harris v. Bd. of Water & Sewer Comm'rs of Mobile, 294 Ala. 606, 320 So.2d 624 (1975).
[3] Weinberg v. Dinger, 106 N.J. 469, 524 A.2d 366 (1987).
[4] Potter v. Carolina Water Co., 253 N.C. 112, 116 S.E.2d 374 (1960).
[5] Doyle v. South Pittsburgh Water Co., 414 Pa. 199, 199 A.2d 875 (1964).