SIMKINS v GENERAL MOTORS CORPORATION (AFTER REMAND)

Docket No. 102150. Argued October 10, 1996 (Calendar No. 15). Decided December 30, 1996.

Thomas G. Simkins, as guardian of Elizabeth A. Simkins, sought worker's compensation for injuries sustained by Elizabeth Simkins while crossing a public street from a private parking lot on her way to work at General Motors Corporation. A hearing referee awarded benefits, finding that because she originally had entered a company-owned parking lot, the mere fact that she accepted a ride to a private lot, did not remove her from the scope of her employment at the time of her injury. Valley Forge Insurance Company, the plaintiff's no-fault insurer, intervened as a plaintiff, seeking reimbursement from General Motors. The Worker's Compensation Appeal Board affirmed. The Court of Appeals, FITZGERALD, P.J., and SHEPHERD and CAVANAGH, JJ., denied leave to appeal, but remanded the case to the WCAB to consider Valley Forge's request for reimbursement (Docket No. 142940). The Supreme Court denied leave to appeal. 440 Mich 909 (1992). On reconsideration, the Supreme Court remanded the case to the Court of Appeals as on leave granted. 442 Mich 851 (1993). On remand, the Court of Appeals, GRIBBS, P.J., and McDONALD and S. D. BORMAN, JJ., reversed and remanded the case in an opinion per curiam, reasoning that previous Michigan case law allow compensation only for employees injured while traveling to work from a parking area maintained by an employer, not from a private parking area (Docket No. 162042). The plaintiffs appeal.

In an opinion by Justice RILEY, joined by Chief Justice BRICKLEY, and Justices LEVIN, CAVANAGH, BOYLE, and MALLETT, the Supreme Court *held*:

Under the Worker's Disability Compensation Act, MCL 418.301(3); MSA 17.237(301)(3), an employee does not suffer an injury that occurred in the course of employment while traveling to work, where the injury occurred on a public street, not maintained by the employer, as the employee was walking from a private parking lot to the worksite.

1. An employee who seeks worker's compensation must show by competent evidence not only the fact of an injury, but also that the

injury occurred in connection with employment, arising out of and in the course of that employment. Generally, an employee who is injured while going to or coming from work cannot recover worker's compensation. However, "course of employment" is not limited to the performance of a job, and "premises" may include more than the employer's property. Under appropriate circumstances recovery may be allowed on property not owned, leased, or maintained by the employer to protect an employee for a reasonable time and space to approach and leave the locality or zone of work.

2. When an employee is going to work or coming from work, an injury that occurs on property not owned, leased, or maintained by the employer is in the course of employment if the employee is traveling in a reasonably direct route between the parking area owned, leased, or maintained by the employer and the worksite itself. However, there is no recovery for an employee who is injured on a public street or other property not owned, leased, or maintained by the employer while traveling to or from a nonemployer parking lot because this injury is not in the course of employment. Recovery is limited to a situation in which the employer has some control or responsibility over the area, i.e., when it anticipates that employees will travel between the worksite and the parking lot it provided because it has implicitly created or designed a path for its employees.

3. In this case, the plaintiff originally drove to a parking lot maintained by the defendant, left the lot, and traveled to a private lot with a coemployee before traveling to her worksite. The stipulation is silent regarding her reason for traveling to the private lot and does not explain whether this was a reasonably direct route from the employer-provided lot to her worksite, requiring remand to the WCAC for further proceedings.

Vacated and remanded.

Justice WEAVER, concurring in part and dissenting in part, stated that the reversal by the Court of Appeals of the Worker's Compensation Appeal Board's decision to award plaintiff worker's compensation benefits should be affirmed. The case should not be remanded to the WCAC for further fact finding because the standard articulated by the majority, that an employee does not suffer an injury that occurred in the course of employment while traveling to work, when injured on a public street, not maintained by the employer, while walking from a private parking lot to the worksite, was appropriately applied by the Court of Appeals to the facts as stipulated by the parties.

Furthermore, *Fischer v Lincoln Tool & Die Co*, 37 Mich App 198 (1971), should be overruled because it conflicts with the principles set forth in the majority's opinion and with the majority's standard. *Fischer* is an unnecessary expansion of the statutory coming-and-going rule of the worker's compensation act because it extends liability to situations that the employer has neither created nor controls.

208 Mich App 453; 528 NW2d 775 (1995) vacated.

*Hanba, Lazar & Ackerman, P.C.* (by *Michael D. Smith*), for the plaintiff.

*John R. Parnell* and *Warren C. Droomers* for the intervening plaintiff.

*Groves, Decker & Wyatt* (by *Harvey R. Groves*) and *Braun, Kendrick, Finkbeiner, P.L.C.* (by *Scott C. Strattard*), for General Motors Corporation.

AFTER REMAND

RILEY, J. In this appeal, this Court is asked to clarify when an employer has an obligation to pay worker's compensation to an employee who is injured while traveling to work under the "going and coming" provision, MCL 418.301(3); MSA 17.237(301)(3), of the Worker's Disability Compensation Act. We hold that under subsection 301(3) of the act, an employee does not suffer an injury that occurred in the course of his employment while traveling to work, when he was injured on a public street, not maintained by the employer, as he was walking from a private parking lot to the worksite. In the instant case, plaintiff drove to a parking lot provided by General Motors, traveled to a private parking lot, and then was injured while walking across a public street from the private parking lot on her way to the General Motors plant. We vacate the Court of Appeals decision to reverse the

grant of worker's compensation benefits and remand to the Worker's Compensation Appellate Commission to enable it to determine whether the injury occurred in the course of her employment consistent with the standards articulated in this opinion.

### FACTS AND PROCEEDINGS

The parties stipulated the facts of the case. Because the parties dispute what reasonable inferences may be drawn from the stipulation, we provide the full text of the stipulation:

> Elizabeth A. Simkins is an employee of the Fisher Body Flint Plant of General Motors Corporation. She worked on the first shift, which started at 6:18 A.M.
>
> At some time before 6:00 A.M. on September 4, 1984, Mrs. Simkins drove her car to the Fisher Body Flint Plant and parked on the Fisher Body premises North parking lot. She exited her car and, after an unknown period, got into the car of a fellow employee, Perry Mitru. They drove onto Saginaw Street, a public street bordering the east side of the Fisher Plant, headed south to Hemphill and turned right, or west, onto Hemphill. Hemphill is a public street bordering the Fisher Plant on the south side. It has four lanes, two each for west and east bound traffic.
>
> Mr. Mitru drove his car into a privately owned parking lot on the south side of Hemphill and parked. He and Mrs. Simkins alighted and, after paying the parking attendant, started across Hemphill to the Plant Gate at Post 11. The lot in which Mr. Mitru parked was located almost directly across the street from the Plant Gate and about in the middle of the block.
>
> At about 5:58 A.M., twenty minutes before her shift was to start, Mrs. Simkins was struck by an automobile driven by Tonya D. Anderson. At the moment that she was struck, Mrs. Simkins was going north across Hemphill and was in the east bound inside lane near the double yellow center line.

Mrs. Simkins has been unable to perform her job since
September 4, 1984.

The parties agree that this Court must rely on this
stipulation alone in order to resolve whether plain-
tiff's injury arose out of and in the course of her
employment.

On August 21, 1985, plaintiff, through her guardian
Thomas Simkins, filed an amended petition seeking
worker's compensation under § 301 of the WDCA
against defendants General Motors and the Second
Injury Fund.[1] There is no dispute that plaintiff suf-
fered severe, permanent injuries, including a closed-
head injury, that resulted in weakness in her arms
and legs. She cannot walk without the aid of a walker
or wheelchair. In an opinion dated April 11, 1986, the
hearing referee concluded that plaintiff was eligible
for worker's compensation:

> [Plaintiff] had entered the "premises" [of General Motors]
> when she entered the company-owned parking lot. The
> mere fact that she was given a ride to a closer, non-
> company lot, did not remove her from the scope of her
> employment. The injury sustained when crossing the street
> to the plant gate is compensable.[2]

---

[1] The Second Injury Fund is a state insurance fund created by the Leg-
islature under MCL 418.501 *et seq.*; MSA 17.237(501) *et seq.*, financed by
annual assessments on insurance carriers and self-insured employers.
*McAvoy v H B Sherman Co*, 401 Mich 419, 450; 258 NW2d 414 (1977).
Under MCL 418.521(2); MSA 17.237(521)(2), an employee who has a per-
manent and total disability is eligible to receive differential benefits from
the Second Injury Fund, i.e., he is eligible to receive the difference
between what he would receive from his employer under law at the time
the injury occurred and the benefits the employee would receive as now
provided under current law for such a disability.

[2] The hearing referee also concluded that General Motors would be
responsible for continuing medical expenses if they were not paid by
plaintiff's no-fault automobile insurer, Valley Forge Insurance Company:

On May 7, 1987, General Motors filed an appeal of the decision with the Worker's Compensation Appeal Board. Plaintiff's no-fault insurance carrier, Valley Forge Insurance Company, moved to intervene as a plaintiff on July 19, 1988, alleging that it had paid more than $400,050 in medical and health care expenses on plaintiff's behalf. It sought reimbursements from General Motors for these costs.[3]

In an opinion filed on June 26, 1991, the WCAB, in a two-to-one decision, affirmed the referee's ruling to award plaintiff worker's compensation benefits:

> We find that plaintiff's slight deviation in her route from one parking lot controlled by defendant to another not controlled by defendant, but directly across the street from the plant entrance, kept plaintiff within the zone, environment, and hazards of her employment. [1991 WCABO 1399, 1412.][4]

---

Ancillary to compensability is the claim for nursing services. Medical testimony and plaintiff's own testimony show a continuing need of such care as is being presently provided by the automobile insurance carrier. This remains the responsibility of the employer[,] and General Motors Corporation is ordered to ascertain that such care continues to be provided, *and, if it is not paid for by the other insurance*, to pay for said care until further order of the bureau. [Emphasis added.]

Thus, it appears that according to this ruling General Motors would only be responsible for plaintiff's medical expenses if Valley Forge did not pay for them.

[3] The parties resolved by agreement the nature of the Second Injury Fund's legal obligation:

The parties agree that plaintiff is totally and permanently disabled. In the event that a final appellate determination is made that the disability is work-related, the Second Injury Fund will voluntarily pay differential benefits in accordance with the [worker's compensation] act on a [total and permanent] date of October 18, 1989.

[4] The WCAB apparently did, however, modify the hearing referee's decision in part by concluding that plaintiff had sustained her burden of dem-

The dissent concluded otherwise:

> I find that defendant's provision for an on-premises park-
> ing lot which was not shown by plaintiff to deny any rea-
> sonable safe access to its plant, with her leaving those
> premises to park in an undesignated private lot and to cross
> a street not shown to be under defendant's control or the
> protection against street traffic presumably provided by
> defendant's parking lot, placed plaintiff beyond the "zone,
> environment and hazards" of defendant's premises, thus
> depriving her of the presumption afforded by Section
> 30[1](3) of the Act. [*Id.* at 1409.]

General Motors appealed in the Court of Appeals,
which denied leave.[5] On September 9, 1992, this
Court denied General Motors application for leave.[6]
On reconsideration, this Court remanded the case to
the Court of Appeals as on leave granted.[7]

On remand, the Court of Appeals reversed the WCAB
and ruled that plaintiff was not eligible for worker's
compensation. The Court reasoned that previous
Michigan cases only allow compensation for employ-
ees injured while traveling to work from a parking
area maintained by the employer, not from a private
parking area. 208 Mich App 453, 457; 528 NW2d 775
(1995). The Court concluded:

> In this case, there was no employer connection with
> plaintiff's accident. She was injured while crossing a public

---

onstrating that she was entitled to the cost of all medical, hospitalization,
and nursing care services that were being provided by her no-fault
insurer, Valley Forge, from defendants General Motors and Second Injury
Fund.

[5] However, the Court of Appeals remanded, in part, to allow the WCAB
to consider the request of Valley Forge that it be reimbursed for medical
and health care benefits paid on behalf of plaintiff.

[6] 440 Mich 909 (1992).

[7] 442 Mich 851 (1993).

street from a private parking lot and was not yet on the employer's premises. We recognize that, had she been injured while crossing from the parking lot that the employer did provide, she would be entitled to compensation benefits under the case law, but, as Justice Levin recognized in a concurring opinion "a line must be drawn at some point." *McClure v General Motors Corp (On Rehearing)*, 408 Mich 191, 226; 289 NW2d 631 (1980). The decisions we have analyzed draw the line at some employer connection other than the mere fact that the employee was traveling to work but had not arrived yet on the employer's premises. [*Id.* at 458-459.]

Plaintiff filed an application for leave, which this Court granted.[8]

### ANALYSIS

### A

Under the worker's compensation act,

[a]n employee, who receives a personal injury arising out of and in the course of employment by an employer who is subject to this act at the time of the injury, shall be paid compensation as provided in this act. [MCL 418.301(1); MSA 17.237(301)(1).]

It is well settled that an employee who seeks worker's compensation must show by competent evidence not only the fact of an injury, but also that the injury occurred in connection with his employment, arising out of and in the course of that employment. *Hills v Blair*, 182 Mich 20, 26; 148 NW 243 (1914). As remedial legislation, this Court construes the act liberally

[8] 450 Mich 1002 (1996).

to grant rather than deny benefits. *Bower v Whitehall Leather Co*, 412 Mich 172, 191; 312 NW2d 640 (1981). The primary purpose of the worker's compensation act is to provide benefits to the victims of work-related injuries by allocating the burden of these payments to the employer, and, therefore, ultimately, to consumers.[9] An employee who suffers an injury arising out of and in the course of his employment will be eligible for compensation regardless of whether the employer was at fault.[10] In return, the employer is immunized from tort liability because the worker's compensation act, under MCL 418.131(1); MSA 17.237(131)(1),[11] provides that this compensation is the exclusive remedy for a personal injury, except for an injury resulting from an intentional tort. *Travis v Dreis & Krump Mfg Co*, 453 Mich 149, 161; 551 NW2d 132 (1996) (BOYLE, J., lead opinion).[12] Thus, as the

---

[9] See *McAvoy v H B Sherman Co*, n 1 *supra* at 436-437, quoting 1 Larson, Workmen's Compensation, § 2.20.

[10] See *Nemeth v Michigan Building Components*, 390 Mich 734, 737; 213 NW2d 144 (1973) (" 'Fault has nothing to do with whether or not compensation is payable' "), quoting *Whetro v Awkerman*, 383 Mich 235, 242; 174 NW2d 783 (1970) (T. G. KAVANAGH, J., plurality opinion).

[11] Subsection 131(1) provides in pertinent part:

> The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer for a personal injury or occupational disease. The only exception to this exclusive remedy is an intentional tort.

[12] See also *Husted v Consumers Power Co*, 376 Mich 41, 52-53; 135 NW2d 370 (1965), in which this Court stated:

> When the workmen's compensation law was studied and legislatively considered, prior to and during the year of enactment (1912), it would seem that the primordial intent of all participants was that the quo to be received by the employer in return for his quid would be outright and absolute immunity from liability (except as provided in the act) stemming from each compensable injury.

Court of Appeals described, the act's purpose is to
" 'provide . . . not only for employees a remedy
which is both expeditious and independent of proof
of fault, but also for employers a liability which is
limited and determinate.' "[13]

As a general rule, an employee who is injured while
going to or coming from work cannot recover
worker's compensation. *Bush v Parmenter, Forsythe,
Rude & Dethmers*, 413 Mich 444, 451; 320 NW2d 858
(1982). The statute's going-and-coming provision fur-
nishes an exception to the general rule:

> An employee going to or from his or her work, while on
> the premises where the employee's work is to be per-
> formed, and within a reasonable time before and after his
> or her working hours, is presumed to be in the course of
> his or her employment. Notwithstanding this presumption,
> an injury incurred in the pursuit of an activity the major
> purpose of which is social or recreational is not covered
> under this act. Any cause of action brought for such an
> injury is not subject to section 131. [MCL 418.301(3); MSA
> 17.237(301)(3).]

This exception only creates a presumption that the
injury was "in the course of [the employee's] employ-
ment," not that it "aros[e] out of" his employment
under subsection 301(1).[14] We, therefore, will only

---

[13] See *Maiuri v Sinacola Construction Co*, 12 Mich App 22, 27; 162
NW2d 344 (1968), aff'd 382 Mich 391; 170 NW2d 27 (1969), quoting Jus-
tice Brandeis from *Bradford Electric Light Co, Inc v Clapper*, 286 US 145,
159; 52 S Ct 571; 76 L Ed 1026 (1932).

[14] Under the old rule in Michigan, there were two separate tests to
determine whether an injury (1) arose out of and (2) in the course of the
injured employee's employment: "out of" related to the cause or source of
the accident, whereas "in the course of" related to time, place, and cir-
cumstances. See *Appleford v Kimmel*, 297 Mich 8, 12; 296 NW 861 (1941).
However, in *Whetro*, n 10 *supra* at 242, a plurality of this Court concluded
that Michigan "no longer requires the establishment of a proximately

examine whether plaintiff's injury occurred in the course of her employment.

B

Despite the apparent clarity of the statute requiring that the injury occur "on the premises where the employee's work is to be performed," this Court has traditionally construed this phrase in a way that would allow recovery under the appropriate circumstances even where the injury occurred on property that was not owned, leased, or maintained by the employer.

The first sentence of the going-and-coming provision was first enacted in 1954[15] to ensure that the worker's compensation act would provide protections for an employee for a "reasonable time and space for the employee to approach and leave the locality or zone of his work." *Dyer v Sears, Roebuck & Co*, 350 Mich 92, 95; 85 NW2d 152 (1957) (BLACK, J., plurality opinion).[16] In other words, an employee's course of employment is not limited to the performance of the very job itself:

---

causal connection between the employment and the injury . . . ." This Court has more recently stated that this analysis from *Whetro* was not precedential. See *Dean v Chrysler Corp*, 434 Mich 655, 660-661; 455 NW2d 699 (1990). Regardless, Michigan cases have not employed this distinction and have generally used the entire phrase to refer to the connection between the injury and employment. Welch, Worker's Compensation in Michigan: Law & Practice (3d ed), § 4.1, pp 4-1 to 4-2. We do not address this question regarding whether the two phrases require a separate test.

[15] The Legislature enacted 1954 PA 175, which amended 1948 CL 412.1 of the worker's compensation act, the predecessor statute to MCL 418.301(1), (3); MSA 17.237(301)(1), (3).

[16] In *Dyer, supra* at 93, 96-97, the employee was able to recover for an injury she suffered during her lunch break while she was walking downstairs in the employer's building as she was leaving the building to run an errand. Chief Justice DETHMERS concurred. *Id.* at 103.

"The employment is not limited by the exact time when the workman reaches the scene of his labor and begins it, nor when he ceases, but includes a reasonable time, space, and opportunity before and after, while he is at or near his place of employment. . . .

"The protection of the law extends to a reasonable time and space for the employee to leave the locality or zone of his work and while he is in proximity, approaching or leaving his place of employment by the only means of access thereto." [*Id.* at 96-97, quoting *Brink v J W Wells Lumber Co*, 229 Mich 35, 37-38; 201 NW 222 (1924).][17]

The substance and wording of the subsection's first sentence were taken from *Brink, supra,* and, by adopting its language, the Legislature intended to restore the state of the law as interpreted by the Court in *Brink. Dyer, supra* at 95-96 (BLACK, J.). The Legislature wished to remedy the situation from *Daniel v Murray Corp of America,* 326 Mich 1, 3; 39 NW2d 229 (1949), in which this Court had denied relief to an employee who suffered an injury in the employer's parking lot because he was no longer actually performing his job but rather was leaving for the day.[18] *Freiborg v Chrysler Corp,* 350 Mich 104,

---

[17] In *Brink, supra* at 36, the employee was leaving his employer's factory compound when he fell and was injured near the warehouse within the compound, before he left using one of the gates to the fence enclosure. This Court concluded that this injury was compensable under the worker's compensation act. *Id.* at 38.

[18] In *Mack v Reo Motors, Inc,* 345 Mich 268, 289; 76 NW2d 35 (1956), this Court had categorized *Daniel* among the "intermission" cases where an employee was not eligible for worker's compensation, regardless of whether his injury occurred on his employer's premises, if he was not "actively or actually engaged in doing work or performing any service for his employer, but was on a mission solely his own, personal to himself, during which time he was not performing any service for his employer."

107; 85 NW2d 145 (1957) (DETHMERS, C.J., lead opinion).[19] See also *Dyer, supra* at 96.[20]

Following *Freiborg* and *Dyer*, this Court, in *Lasiewicki v Tusco Products Co*, 372 Mich 125, 131; 125 NW2d 479 (1963), examined a case in which an employee slipped and fell when she was leaving for lunch while she was walking on the unpaved portion of a public right of way, which was used by employees for parking cars near the plant worksite. This Court applied the going-and-coming provision under 1948 CL 412.1, the predecessor of subsections 301(1), (3), and explained that an employee need not strictly be on the employer's "premises" in order to be presumed to be in the course of his employment:

"One of the tests sometimes applied is whether the workman is still on the premises of his employer. This, while often a helpful consideration, is by no means conclusive. A workman might be on the premises of another than his employer, or in a public place, and yet be so close to the scene of his labor, *within its zone, environments, and hazards*, as to be in effect at the place and under the protection of the act.

---

[19] In *Freiborg, supra* at 105, the employee was able to recover for his injury when he was struck by a fellow employee's car while he was walking in the employer's parking lot on his way to work. Justice SMITH wrote a brief concurrence, signed by Justices BLACK, EDWARDS, and VOELKER, stating that he agreed with the result for the reasons Justice BLACK had given in *Dyer. Freiborg, supra* at 112.

[20] The plurality in *Dyer, supra* at 96, wished to overrule not only *Daniel, supra*, but also *Mack*, n 18 *supra* at 273-274 (an employee could not recover for an injury that occurred while she was walking to the cafeteria on the employer's paved driveway during her lunch period), and *Salmon v Bagley Laundry Co*, 344 Mich 471, 472-473; 74 NW2d 1 (1955) (an employee could not recover for an injury she suffered on the front steps of her employer's laundry facility during her coffee break while returning from a nearby restaurant). These cases, *Daniel, Mack*, and *Salmon*, were effectively overruled by *Dyer* and *Freiborg*.

\*     \*     \*

> "It is not a sufficient test that the workman should be on the premises of the employer; but it may be sufficient that he is in such a state of proximity as may be treated as a reasonable margin in point of space." [*Lasiewicki, supra* at 131, quoting *Hills, supra* at 27-28 (emphasis added).]

From this reasoning, in *Lasiewicki, supra* at 127, 129-131, this Court held that the employee could recover, even though the parking area was a public right of way, because the parking area was "used and maintained" by her employer and therefore she was on the "premises of [the] employer [ ] within the meaning of the statute . . . ." *Id.* at 131. In this way, the Court expanded the meaning of "premises" under the statute to include more than merely the employer's property.

In 1980, the Legislature enacted several reforms of the worker's compensation act under 1980 PA 357, including an amendment of subsection 301(3), previously subsection 301(2), by adding its second and third sentences prohibiting recovery under worker's compensation for an injury that occurs during the pursuit of a recreational activity in order to eliminate certain "abuses" in the law. Senate Analysis Section, SB 1044, adopted as 1980 PA 357, January 7, 1981. Through these 1980 amendments, the Legislature intended to narrow and restrict the eligibility qualifications for injured workers under worker's compensation. *Dean v Chrysler Corp*, 434 Mich 655, 667; 455 NW2d 699 (1990).

Nevertheless, relying on the phrase "zone, environments, and hazards" quoted in *Lasiewicki*, the Court of Appeals has ruled that an employee may recover

for an injury that occurred on property not owned, leased, or maintained by the employer if the employee was traveling to or from work.[21] In other cases, however, the Court of Appeals has been unwilling to allow recovery for an employee who is injured while traveling to or from work when that injury did not occur on property owned, leased, or maintained by the employer.[22]

C

Plaintiff argues that this Court's most recent examination of a worker's injury that occurred while the

---

[21] See *Smith v Greenville Products Co*, 185 Mich App 512, 514; 462 NW2d 789 (1990) (an employee, traveling to work, could recover for an injury he suffered while walking across a public street from the employer's parking lot en route to the employer's plant), citing, inter alia, *Fischer v Lincoln Tool & Die Co*, 37 Mich App 198, 202-203; 194 NW2d 476 (1971) (an employee who was traveling to work could recover for the injury he suffered when he slipped and fell on a public sidewalk after parking on a public street near his worksite). See also *Hicks v General Motors Corp*, 66 Mich App 38; 238 NW2d 194 (1975) (an employee could recover for the injury he suffered, while leaving work, when his vehicle lost its muffler in the employer's parking lot and he was hit by a car in a public street attempting to retrieve it); *Adair v Metropolitan Building Co*, 38 Mich App 393, 398; 196 NW2d 335 (1972) (an employee could recover for his injuries when he slipped and fell on a driveway, not owned or maintained by his employer, while walking from work to a parking area that was maintained by his employer); *Jean v Chrysler Corp*, 2 Mich App 564, 569; 140 NW2d 756 (1966) (an employee who was leaving work could recover when he was injured crossing a public street while walking from the employer's plant to the area designated by the employer for parking).

[22] See *Denny v Kostadinovski*, 117 Mich App 517; 324 NW2d 19 (1981) (the employee was denied recovery when she was leaving work and slipped and fell in a public alley, ten to twenty feet away from work, while walking home); *Beneteau v Detroit Free Press*, 117 Mich App 253; 323 NW2d 498 (1982) (the employee was denied recovery when she slipped and fell crossing a public street while walking to work after parking her car in a parking garage not owned or maintained by her employer); *Tedford v Stouffer's Northland Inn*, 106 Mich App 493; 308 NW2d 254 (1981) (the employee was denied recovery when she fell and injured herself en route to work after crossing a parking lot that was not owned or maintained by her employer).

employee was traveling away from work is not relevant, *McClure v General Motors Corp (On Rehearing), supra,* overruling 402 Mich 392; 262 NW2d 829 (1978), because in *McClure* the injured employee was leaving during his *lunch period* on personal business. The employee was walking across a public street to a restaurant when he was struck and injured by an automobile.[23] On rehearing, this Court overruled its first decision and affirmed the WCAB's decision to deny the employee relief under the worker's compensation act. *Id.* at 209 (RYAN, J., plurality opinion) and 231 (LEVIN, J., concurring).

In writing for the plurality, Justice RYAN did not apply the going-and-coming provision of § 301, but rather distinguished *Howard v Detroit,* 377 Mich 102; 139 NW2d 677 (1966),[24] which had served as the basis for the holding in the first *McClure* decision. Justice RYAN reasoned that, unlike *Howard, McClure* did not

---

[23] In the companion case, *Krolczyk v Wolverine Moving & Storage Co,* 408 Mich 191; 289 NW2d 631 (1980), an employee had left her employer's building for lunch by car and was injured on the way to a restaurant when the car struck a rut and crashed.

[24] In *Howard,* this Court vacated the WCAB's denial of benefits for an employee who was injured while returning from lunch in an automobile accident because the irregular pattern of his work schedule (working from 7:00 A.M. to 8:45 A.M. and then from 1:28 P.M. to 7:54 P.M.) required him to travel for lunch as a circumstance of his employment. *Id.* at 109 (O'HARA, J., plurality opinion), 111 (T. M. KAVANAGH, J., concurring). Professor Larson categorizes this case as a special-errand exception to the going-and-coming rule:

> When an employee, having identifiable time and space limits on his employment, makes an off-premises journey which would normally not be covered under the usual going-and-coming rule, the journey may be brought within the course of employment by the fact that the trouble and time of making the journey, or the special inconvenience, hazard, or urgency of making it in the particular circumstances, is itself sufficiently substantial to be viewed as an integral part of the service itself. [1 Larson, Workmen's Compensation, § 16.11, p 4-204.]

involve "an employer-directed deviation" from a normal schedule and that "the Legislature has not yet seen fit to provide compensation for injuries suffered by workers during off-premises lunch-hour activity of a purely personal character." *McClure, supra* at 207. Yet, in concluding that *Howard* did not apply, the plurality opinion is silent about whether the going-and-coming provision governs the case's resolution.[25]

In his concurrence, Justice LEVIN specifically did not rely on the going-and-coming provision to resolve the question. See *id.* at 218, n 18. Rather, he noted that there is an argument that an employee could recover for a lunchtime motor vehicle accident for an "off-premises injur[y]" under the logic of *Haller v Lansing*, 195 Mich 753, 761; 162 NW 335 (1917).[26]

---

We do not address the merit of the *Howard* Court's application of the rule to its particular facts.

[25] The plurality did state that this Court should cease its own judicial "reform" of the eligibility requirement of the worker's compensation act:

> We decline to continue the ongoing dilution of the legislative requirement that, as a condition of compensability, an employee's injury must be suffered "out of and in the course of his employment" by first equating "circumstance of employment" with "out of and in the course of employment," and finally substituting the newly created judicial standard for the longstanding legislative norm. [*Id.* at 204.]

[26] In *Haller, supra* at 755-756, the employee was injured during his lunch break in the toolhouse when he lit a pipe and was killed in an explosion. This Court held that Haller's wife could collect worker's compensation:

> From an examination of cases cited by defendant, and others we have examined in which it has been held that an employee injured on the premises of his employer during the noon hour or other temporary suspension of work was not under the act, we think it manifest that the controlling reason for denying an award in those cases rests upon the proven facts that the employee broke the so-called nexus between workman and employer by some manifestly reckless and unreasonable hazard, amounting to intentional and

*McClure, supra* at 226. Nevertheless, he concluded that there should not be recovery because of the allocation of the costs envisioned by the Legislature in creating the no-fault act:[27]

> A decision in favor of coverage for such injuries, then, would cause § 3109(1)[28] of the no-fault act to work a reallocation of the cost of insurance reparations for lunchtime motor vehicle accidents, one probably not anticipated by the Legislature when § 3109 was enacted. This Court should not disturb the allocation of the burden of providing such reparations struck by the Legislature when it enacted the no-fault act. [*Id.* at 229.]

Even though this Court did not examine *McClure* as a case governed by the going-and-coming provision of subsection 301(3), the plain language of the statute indicates that it applies because when an employee returns from lunch or leaves for it, he is "going to or from his or her work . . . ." There is no requirement that he must be going to work at the beginning of his work day or leaving from work at the end of the work day. Moreover, this Court has applied the going-and-

---

wilful misconduct, or by disregarding, or disobeying, some warning of danger at the place of injury or prohibition relating to the thing being done, either addressed to the workman or promulgated as a general rule of conduct while on the premises. [*Id.* at 761.]

[27] MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.*
[28] MCL 500.3109(1); MSA 24.13109(1) provides in full:

Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protection insurance benefits otherwise payable for the injury.

The no-fault insurer may reduce its no-fault payments by the injured party's worker's compensation benefits under subsection 3109(1). *Mathis v Interstate Freight*, 408 Mich 164, 176; 289 NW2d 708 (1980).

coming provision in the other two seminal lunchtime injury cases relevant for this appeal.[29] Furthermore, Professor Larson, a recognized authority in this area, expressly includes the subject of injuries that occur during lunchtime in his section on "going to and from work." See 1 Larson, Workmen's Compensation, § 15, p 4-3. He argues that there is no analytical difference between the character of (1) an employee's travel to work before he begins his day or from work after he finishes his day, and (2) his travel to work after lunch or when he leaves from work before lunch. See § 15.12(b), pp 4-17 to 4-21, § 15.51, p 4-157.[30] Thus, the Court's resolution of *McClure* is relevant for this case because the going-and-coming provision governs the resolution of lunchtime travel cases. With these principles in mind, we now review the Court of Appeals resolution of the instant case.

D

In holding that plaintiff did not suffer an injury that was compensable under worker's compensation, the Court of Appeals examined Michigan case law on the "going to work" parking lot cases and concluded that

---

[29] See *Lasiewicki, supra* at 127 (the employee was injured while walking toward a food center on her lunch hour), and *Dyer, supra* at 93, 95 (the employee was injured when she fell on the stairs leaving work during her lunch hour).

[30] At § 15.12(b), p 4-20, Larson argues "[t]here [i]s no logical way to distinguish the lunchtime trip and the going-and-coming trip in the morning and at night." Moreover, at § 15.51, p 4-157, he states:

[W]hen the employee has a definite place and time of work, and the time of work does not include the lunch hour, the trip away from and back to the premises for the purpose of getting lunch is indistinguishable in principle from the trip at the beginning and end of the work day, and should be governed by the same rules and exceptions.

an employee may recover only where there is "at least some slight employer connection to the employee's injury . . . ." *Simkins, supra* at 457. It distilled these two principles from the Court of Appeals case law:

> Cases allowing compensation for employees injured while going to work involved travel from a parking area owned, leased, or maintained by the employer. . . .[31] Compensation has been denied, however, when the injury occurred off the employer's premises, including private parking areas . . . .[32] [*Id.*]

This analysis accords with Professor Larson's examination of state case law for the United States for an injury that occurs between an employer's parking lot and the employer's worksite:

> [M]ost courts, but by no means all, hold that an injury in a public street or other off-premises place between the plant and the parking lot is in the course of employment, being on a *necessary* route between the two portions of the premises. *But if the parking lot is a purely private one, the principle of passage between two parts of the premises is not available, and an employee crossing a public street to get to the parking lot is not protected.* [1 Larson, Workmen's Compensation, § 15.14(b), pp 4-60 to 4-70 (emphasis added).]

This analysis is also consistent with the result in *McClure* (the employee was injured while crossing a public street when he was traveling from work to a restaurant).

---

[31] Citing *Lasiewicki; Smith; Upton v General Motors Corp,* 124 Mich App 61; 333 NW2d 384 (1983); *Jean,* n 21 *supra.*

[32] Citing *Beneteau, Denny,* and *Tedford,* n 22 *supra.*

We adopt the standard articulated by the Court of Appeals and hold that, when an employee is going to work or coming from work, an injury that occurs on property not owned, leased, or maintained by his employer is in the course of employment only if the employee is traveling in a reasonably direct route[33] between the parking area owned, leased, or maintained by the employer and the worksite itself, unless the injury falls into one of the recognized exceptions.[34] In such circumstances, the place of the injury, although not on property owned, leased, or maintained by the employer, is deemed to be on the employer's "premises" for the purposes of the statute. See *Lasiewicki, supra* at 131 (property maintained, but not owned or leased, by an employer is the employer's "premises" under the statute).[35] However, we hold that there is no recovery for an employee who is injured on a public street or other property not owned, leased, or maintained by the employer while traveling to or from a nonemployer parking lot because this injury is not in the course of employment.

---

[33] We define a "reasonably direct route" as a path that the employer, in designating an area for parking, could reasonably anticipate that an employee would take.

[34] See, e.g., *Howard, supra* (employer-directed deviation, i.e., special errand); and *Wilhelm v Angell, Wilhelm & Shreve*, 252 Mich 648, 654; 234 NW 433 (1931) (special hazard: "[h]is injury can be traced to this risk or hazard to which he as an employee was exposed in a special degree by reason of his employment"). Justice LEVIN, in his concurrence in *McClure, supra* at 230, n 47, also identifies two other recognized exceptions: *Burchett v Delton-Kellogg School*, 378 Mich 231; 144 NW2d 337 (1966) (dual-purpose trip), and *Levchuk v Krug Cement Products Co*, 246 Mich 589; 225 NW 559 (1929) (travel in employer-supplied vehicles).

[35] See also *Fidelity & Casualty Co of New York v DeShone*, 384 Mich 686, 692; 187 NW2d 215 (1971).

This rule conforms to the original purpose under-
lying the going-and-coming provision, i.e., to protect
employees while they were still on the employer's
premises but no longer actually performing their jobs.
See *Freiborg, supra* at 107 (Dethmers, C.J.). We rec-
ognize that the statute does not, according to the past
rulings of this Court, strictly require that the
employee be on the employer's property, but merely
requires that the employee be " 'at or *near* his place
of employment.' "[36] Consequently, the rule allows
recovery for injuries that occur on property not
owned, leased, or maintained by the employer, but
limits the principle to a situation in which the
employer has some control or responsibility over the
area.[37] The employer has some control or responsibil-
ity over an area when it anticipates that employees
will travel between the worksite and the parking lot it
provided, because it has implicitly created or
designed a path for its employees. This distinction
does not introduce the question of fault in determin-
ing whether an injured employee is eligible for recov-
ery under the statute, e.g., by requiring implicitly that
the employer's negligence be the cause of the injury.
Rather, for injuries that occur on property not owned,
leased, or maintained by the employer, the rule
requires that the injury be during the course of

---

[36] *Dyer, supra* at 96 (Black, J.), quoting *Brink, supra* at 37 (emphasis
added); see also *Lasiewicki, supra* at 131.

[37] The Court of Appeals in *Tedford,* n 22 *supra* at 503, similarly
explained:

> [The employer] had no control over or responsibility for the
> route taken by plaintiff or the condition of the parking lot [where
> the injury occurred]. There is no logical justification for expanding
> the premises concept to this situation.

employment, i.e., that the injury be work related, by ensuring that there is a more substantial relationship between the injury and the injured person's employment beyond the mere fact that the employee was traveling to or from work.[38]

The Court of Appeals noted that this analysis may conflict with *Fischer v Lincoln Tool & Die Co*, 37 Mich App 198; 194 NW2d 476 (1971), but this case has been previously questioned. See *Tedford v Stouffer's Northland Inn*, 106 Mich App 493, 501-502; 308 NW2d 254 (1981), citing 1 Larson, Workmen's Compensation Law, § 15.12, p 4-10. We do not address the validity of this case.

E

In the instant case, the Court of Appeals reversed the WCAB and denied plaintiff worker's compensation benefits.

Plaintiff argues that the Court of Appeals decision cannot be reconciled with the earlier Court of Appeals decision to reverse the WCAB's denial of grant in *Smith v Greenville Products Co*, 185 Mich App 512; 462 NW2d 789 (1990). In *Smith*, an employee was struck by a car on a public street while walking from the employer-provided parking lot to his worksite. The Court noted that the employee could recover

---

[38] In describing the underlying basis for the exceptions to the premises rule, Professor Larson explains:

> [W]hen a court has satisfied itself that there is a distinct "arising out of" or *causal connection* between the conditions under which claimant must approach and leave the premises and the occurrence of the injury, it may hold that the ["]course of employment["] extends as far as those conditions extend. [1 Larson, Workmen's Compensation, § 15.15, p 4-73 (emphasis added).]

worker's compensation even though there was "another route to defendant's plant which would not require him to cross the street . . . ." *Id.* at 516. Under the rule articulated by this opinion, this is the proper result because the employee was traveling to work from his employer's parking lot to the worksite. Although there was at least one other route available to him,[39] the Court of Appeals concluded that the plaintiff was not engaged "in an activity of a personal character when he was crossing the street" to travel to his worksite. *Id.* Therefore, the plaintiff was presumably traveling in a reasonably direct path for an employee to take to go to work.[40]

In the instant case, Simkins originally drove to a parking lot maintained by General Motors, left this lot, and traveled to a private lot with a coemployee before she traveled to her worksite. The stipulation is silent regarding her reason for traveling to this private lot, and the stipulation also does not explain whether this was a reasonably direct route from the employer-provided lot to her worksite. Rather than resolve these factual questions on appeal, we remand this matter to the WCAC for further proceedings. We also direct the commission to provide the parties a full opportunity to present additional facts regarding these issues to ensure a proper resolution of the matter.

---

[39] The dissent in *Smith*, *supra* at 520, indicated that there were "two alternative routes available to him which did not involve crossing a public street."

[40] We presume that an employee who travels on a path from an employer-provided parking structure to his worksite for work-related reasons has traveled on a reasonably direct path to work. The employer carries the burden of showing otherwise.

CONCLUSION

We conclude that under the going-and-coming pro-
vision of § 301 of the worker's compensation act, an
employee is injured in the course of his employment
while traveling to or from work when either (1) the
injury occurred on property owned, leased, or main-
tained by the employer, or (2) the injury occurred
while the employee was traveling on a reasonably
direct path between the worksite and an employee
parking lot owned, leased, or maintained by the
employer. This framework is consistent with the way
this Court has interpreted the going-and-coming pro-
vision, fulfills the statute's purposes, generally fits
Michigan case law, and reflects the general rule
articulated by Professor Larson. We vacate the Court
of Appeals decision reversing the WCAB's decision to
uphold the hearing referee's grant of worker's com-
pensation benefits and remand to the WCAC for further
proceedings.

BRICKLEY, C.J., and LEVIN, CAVANAGH, BOYLE, and
MALLETT, JJ., concurred with RILEY, J.

WEAVER, J. (concurring in part and dissenting in
part). I agree with the majority opinion that the stan-
dard under MCL 418.301(3); MSA 17.237(301)(3),[1] is

---

[1] MCL 418.301(3); MSA 17.237(301)(3) is the worker's compensation
statute's going-and-coming provision, which provides in relevant part:

An employee going to or from his or her work, while on the
premises where the employee's work is to be performed, and
within a reasonable time before and after his or her working hours,
is presumed to be in the course of his or her employment. Notwith-
standing this presumption, an injury incurred in the pursuit of an
activity the major purpose of which is social or recreational is not
covered under this act.

that "an employee does not suffer an injury that occurred in the course of his employment while traveling to work, when he was injured on a public street, not maintained by the employer, as he was walking from a private parking lot to the worksite." *Ante* at 705.

However, I write separately because I would affirm the Court of Appeals reversal of the Worker's Compensation Appeal Board's decision to award plaintiff worker's compensation benefits. I would not remand this case to the WCAC for further fact finding because the above standard articulated by the majority was appropriately applied by the Court of Appeals to the facts as stipulated by the parties. Therefore, there is no need to remand this case for further fact finding.

Furthermore, I would overrule *Fischer v Lincoln Tool & Die Co*, 37 Mich App 198; 194 NW2d 476 (1971), because that case conflicts with the principles set forth in the majority's opinion, parts A through D, and with the majority's standard. The *Fischer* Court awarded worker's compensation benefits to an employee, who was injured while walking to work after parking her car on a public street. The *Fischer* Court considered the street to be part of the employer's "premises," as defined by the worker's compensation statute, because the employer failed to provide parking and therefore, expected its employees to park on the public street. *Id.* at 202.

This determination by the Court of Appeals was appropriately and persuasively criticized in *Tedford v Stouffer's Northland Inn*, 106 Mich App 493, 501-502; 308 NW2d 254 (1981), as follows:

> The implicit trend in this manner of decision making is a steady dilution of legislative limitations on compensation.

The Supreme Court has specifically disapproved of such judicial "reform" of the compensation act. [*McClure v General Motors Corp (On Rehearing)*, 408 Mich 191, 204; 289 NW2d 631 (1980).] While the statutory coming-and-going rule does not directly limit coverage to on-premise injuries . . . it must be remembered that the rule is an exception to the basic requirement that compensable injuries arise out of and in the course of the employment. [*Id.* at 502 (citations omitted).]

*Fischer* is an unnecessary expansion of the statutory coming-and-going rule of the worker's compensation act because it extends liability to situations that the employer has neither created nor controls. *Id.* at 502, citing 1 Larson, Workmen's Compensation Law, § 15.12, p 4-10. Because I agree with the majority's articulation of the standard under MCL 418.301(3); MSA 17.237(301)(3),[2] I would overrule *Fischer*.

---

[2] *Ante* at 705.