# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 21, 2013

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

146846

LOREN D. MOHNEY,
        Plaintiff-Appellee,

v

        SC: 146846
        COA: 303797
        MCAC: 06-000101

AMERICAN INTERNATIONAL GROUP and
INSURANCE COMPANY OF THE STATE OF
PENNSYLVANIA,
        Defendants-Appellants,
and

SECOND INJURY FUND,
        Defendant-Appellee.

_____/

On order of the Court, the application for leave to appeal the January 31, 2013 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and we REMAND this case to the Michigan Compensation Appellate Commission (MCAC) for entry of an order denying plaintiff's claim for worker's compensation benefits. The record shows that plaintiff's injuries here did not arise "out of and in the course of" his employment. In particular, the employer did not "own, lease, or maintain" the parking lot on which plaintiff slipped and fell, and thus the coverage set forth in *Simkins v Gen Motors Corp (After Remand)*, 453 Mich 703, 723 (1996), is not applicable. *Simkins* held that MCL 418.301(3), which provides that an "employee going to or from his or her work, while on the *premises* where the employee's work is to be performed . . . is presumed to be in the course of his or her employment," is applicable to the situation in which such employee is injured on property "*not* owned, leased, or maintained by his employer," as long as he was "traveling in a reasonably direct route between the parking area owned, leased, or maintained by the employer and the work-site . . . ." (Emphasis added.) Whatever the merits of *Simkins*, we reject the extension of *Simkins* to the present circumstances. There was simply no "ownership, lease, or maintenance" of the parking lot by the employer.

CAVANAGH and MCCORMACK, JJ., would remand this case to the MCAC to address unresolved issues raised by defendant American International Group in its initial appeal to the MCAC and deny leave to appeal in all other respects.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 21, 2013



Clerk

t0618