# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 17, 2020

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

159865-7

SEBASTIAN KUHLGERT, Conservator of
ELISABETH OSTENDORF,
            Plaintiff-Appellee,

v

MICHIGAN STATE UNIVERSITY and
BOARD OF TRUSTEES OF MICHIGAN
STATE UNIVERSITY,
            Defendants,

and

UNITED EDUCATORS,
            Intervening Defendant-Appellant.

SC: 159865, 159866
COA: 332442, 338363
Court of Claims: 15-000047-MZ

_____/

ELISABETH OSTENDORF,
            Plaintiff-Appellee,

and

UNITED EDUCATORS,
            Intervening Plaintiff-Appellant,

and

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
            Intervening Plaintiff,

v

MICHIGAN STATE UNIVERSITY,
            Defendant-Appellee.

SC: 159867
COA: 344533
MCAC: 17-000013

_____/

On order of the Court, the application for leave to appeal the May 21, 2019 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*concurring*).

At issue here is whether the injuries sustained by Elisabeth Ostendorf were subject to the exclusive-remedy provision, MCL 418.131(1), of the Worker's Disability Compensation Act, MCL 418.101 *et seq.* In my view, the Court of Appeals was correct in concluding that her injuries were not subject to this provision on the basis of MCL 418.161(1)(b) of the Act, which provides that "[n]ationals of foreign countries employed pursuant to section 102(a)(1) of the mutual educational and cultural exchange act of 1961, Public Law 87-256, 22 USC 2452, shall not be considered employees under this act." As the Court of Appeals explained, "22 USC 2452(1)(a) is not limited to those educational exchange employees paid directly by the State Department. Instead, by its plain language, the statute also applies to those employees [such as Ostendorf] who are indirectly financed by that entity through its [exchange visitor programs]." *Kuhlgert v Mich State Univ*, 328 Mich App 357, 369 (2019).

I thus see no reason to decide whether the Court of Appeals was also correct in concluding that her injuries were not subject to the exclusive-remedy provision because they were not "receive[d] . . . arising out of and in the course of employment," MCL 418.301(1), where she was injured while walking to her vehicle on the premises of her employer after leaving the building in which she worked. See generally *Simkins v Gen Motors Corp* (*After Remand*), 453 Mich 703 (1996).

Accordingly, because I agree with the Court of Appeals that Ms. Ostendorf's injuries were not subject to the exclusive-remedy provision of the WDCA, I concur with our order denying leave to appeal.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 17, 2020



Clerk

p0414